## Crouch v. O'Banion.

(Decided March 17, 1915.)

### Appeal from Owen Circuit Court.

New Trial—When Not Abuse of Discretion to Refuse.—It is not an abuse of discretion by a trial court to refuse a new trial on the ground that the stenographer, who had taken down the evidence at the trial, could not transcribe his notes so as to enable

the defeated party to prepare his bills of evidence and exceptions on appeal, where the court, after discovering this fact, granted the party ample time to prepare the bills from memory.

VALLANDINGHAM & ALEXANDER, W. A. LEE and HAZEL-RIGG & HAZELRIGG for appellant.

BOTTS & PERRY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

In March, 1911, appellee instituted this action against appellant on a note, and sought to subject certain personal property to payment thereof upon which mortgage had been executed to secure same, and in addition set up certain grounds of attachment, and prayed for a general order of attachment.

The defendant answered, pleading that there was no consideration for the execution of the note, and asserting numerous claims against appellant by way of set-off and counter-claim.

The issues as made up involved considerable detail concerning numerous transactions between the parties.

The evidence was taken orally, and the notes of the same taken down by the stenographer of the court.

At the end of the trial the court entered a judgment at the June term, 1912, for the plaintiff's debt, interest and costs, and directed sale of the personal property to satisfy same. On the day the judgment was entered appellant filed his motion and grounds for a new trial, which contained nothing out of the ordinary; but same was not acted upon by the court at that term. At the succeeding November term of the court, before the motion for a new trial had been acted upon, appellant filed · additional grounds for a new trial, wherein he stated that pending the original motion for a new trial he had called upon the stenographer for a transcript of the evidence so taken down by him, the same to be used upon the trial of the motion for a new trial, and, if necessary, for a bill of exceptions and evidence on appeal; that he relied upon said stenographer's notes and transcript of the evidence to make his bill of exceptions and bill of evidence for the purposes of appeal, but that he was informed by said stenographer that he was unable to decipher his notes so taken at the trial, and for that reason could not furnish him the transcript of the said evidence.

The court at the November term overruled the motion for a new trial, but granted appellant until a day in the succeeding February term of the court to prepare and tender his bill of exceptions, which, however, was not done.

The sole contention of appellant is that the court below abused its discretion under the circumstances in refusing to give him a new trial because of the stenographer's inability to transcribe the evidence from his notes taken at the trial, he having thereby been virtually deprived of the right of appeal by an officer of the court upon whom he had right to rely.

In the granting or refusing of a new trial a broad discretion rests with the trial court, and, in the absence of something showing an abuse of that discretion, this court will not disturb his ruling. In this case the lower court, after discovering at the November term that the stenographer could not transcribe his notes and could not, consequently, furnish to appellant a transcript thereof to be used in preparing his bill of evidence and exceptions, time was given appellant until the succeeding term to prepare and tender his bill of exceptions and evidence, doubtless being of the opinion that he and his counsel could, from memory, sufficiently prepare them in the old way to present all the questions on appeal. Appellant and his counsel were present at the trial, and with the aid of the court, could have prepared such bills as would have been sufficient on appeal. It is conceded that the pleadings support the judgment, and no other question can be considered in the absence of a bill of exceptions.

We are not prepared to say that the lower court abused its discretion, and the judgment is affirmed.