190 KENTUCKY REPORTS. [VOL. 120.

Hill's Adm'r v. Penn. Mutual Life Ins. Co.

Case 24.—ACTION BY ELISHA HILL'S ADM'R AGAINST THE
PENN. MUTUAL LIFE INS. CO. ON MOTION TO STRIKE
BILL OF EXCEPTIONS.—March 21.

## Hill's Adm'r v. Penn. Mutual Life Ins. Co.

Appeal from Warren Circuit Court.

Motion heard in Court of Appeals. Overruled.

Bill of Exceptions—Extension of Time for Filing—Consent of
Parties—Legality—Alternate Terms for Civil and Criminal
Cases—Rule of Court—Presence of Attorney—Knowledge of
Proceedings—Presumption of Consent.

1. Bill of Exceptions—Extension of Time for Filing—Consent of
Parties—Legality—Although the Code provides that the time
for filing a bill of exceptions shall not be extended beyond
a day in the succeeding term, the parties may by consent
extend the time, and where a party has consented to an ex-
tension and thus induced his adversary to delay the filing of
his bill of exceptions, he will not be allowed to take advantage
of the delay which he himself has caused.

2. Alternate Terms for Civil and Criminal Cases—Rule of Court—
Presence of Attorney—Knowledge of Proceedings—Presump-
tion of consent—In a county having six terms of court a year,
and by an order of court alternate terms are set apart for
the trial of civil and criminal cases, where at one of the civil
terms plaintiff's motion for a new trial was overruled, and
in the presence of and without objection of one of the oppos-
ing attorneys he was given until the 10th day of the next
civil term to file his bill of exceptions, and it was filed on the
9th day of said term against the objection of the defendant,
the failure of the attorney to object to the extension of the
time when it was made must be held to be an agreement to
the extension, and a motion in this court to strike the bill
of exceptions from the files will be overruled.

S. D. HINES, SIMS & GRIDER and G. H. GALLOWAY for
appellant.

WM. MARSHALL BULLITT for appellee.

OPINION BY CHIEF JUSTICE HOBSON—Overruling
motion.

On June 13, 1904, the plaintiff's motion for a new trial was overruled in the Warren Circuit Court. An appeal was granted to this court, and plaintiff was given until the tenth day of the November term of the court to make up and present a bill of exceptions. On the ninth day of the November term the plaintiff tendered his bill of exceptions, which was signed and filed over the objections of the defendant. The defendant has entered a motion in this court to strike the bill of exceptions from the record on the ground that by sec. 334 of the Civil Code of Prac. time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term; that there was a term of the Warren Circuit Court held in September, and that the court was without authority to extend the time to the tenth day of the November term, or to file a bill of exceptions at that term. No objection was made by the defendant to the order giving until the tenth day of the November term to file the bill of exceptions, and it appears that W. B. Gaines, who was one of the attorneys for the appellee, and whose name is signed to the answer, was present in court when the order was made, and made no objection to it.

There are six terms a year of the Warren Circuit Court. Sec. 964, Ky. Stats., 1903, provides: "Grand juries shall be summoned and criminal and penal cases shall be heard at but three terms, in each year, in any county, to be fixed by order of court, unless in an emergency the court may otherwise direct." After this statute was passed, the Warren Circuit Court made an order on April 6, 1896, that criminal and penal prosecutions, only, should be tried at the January, April and September terms, and civil cases, only, at the other three terms. Since the making of this order, under the administration of the judge who made the order and two other judges who have fol-

lowed him, only civil cases have been considered at the
three civil terms, and only criminal cases at the other
three terms.  When time was given to make up a bill
of exceptions, it was always given to the next civil or
criminal term, according to the nature of the case.
This rule of the court was acquiesced in by the members
of the bar.   The statement of the judge who made the
order in this case is as follows: "By agreement of
parties I presided as special judge in the trial of this
case.   At its May term, 1904, I overruled plaintiff's
motion for a new trial, and gave him until the tenth
day of its November term, 1904, in which to file bill
of exceptions.  In ignoring the September term, 1904
(which was a term devoted alone to the trial of crimi-
nal and penal prosecutions), I followed the uniform
rule observed by the judges of the Warren Circuit
Court since 1896.   Since the establishment of six
terms of the Warren Circuit Court, all civil processes
have been returned to its civil term, and all criminal
processes have been returned to the criminal terms;
and, where bills of exception were authorized to be filed
at a succeeding term, such term has uniformly been  held
by the Warren Circuit Court to mean and apply to
its next civil term.   This settled ruling of the court I
observed in this case."   The present circuit judge
also makes the following statement: "As judge of
the Eighth Judicial District I have followed the ruling
of Judges Settle and Bradburn, that no order or step
can be taken in civil or criminal cases except at the
terms indicated in the order of 1896 for the trial of
cases of the kind.  This ruling has been and is made
upon the understanding that every member of the
Warren county bar agrees to same, and no question
has ever before been raised concerning the same."
The former circuit judge says, in effect, the same.  It
is also shown that there was no reason for extending

the time to the November term, except the under-
standing that no motion or step of any kind could be
taken in a civil case at the criminal term to be held
in September, and that Mr. Gaines, who was present
when the order was made, was familiar with this un-
derstanding of the bar, and had acquiesced in it since
1896. Although the Code provides that the time for
filing a bill of exceptions shall not be extended beyond
a day in the succeeding term, the parties may, by con
sent, extend the time; for where a person has con
sented to an extension of the time, and thus induced
his adversary to delay to file his bill of exceptions, he
will not be allowed to take advantage of the delay
which he himself thus caused. The defendant's at-
torney, who was present when the order was made
giving time until the tenth day of the November term
to file a bill of exceptions, was familiar with the un-
derstanding of the local bar; and when he stood by
without objection, and allowed the time to be given,
knowing that the plaintiff was acting upon the as-
sumption that the bar had agreed to this manner of
transacting the business of the court, he must be held
to have agreed to the order, for he understood that
the other party was acting upon that assumption. A
person can not be allowed to remain silent when he
knows that the other party is proceeding upon the
assumption that he is consenting to what is being done,
and afterwards withdraw his consent when the party
who has thus been misled will be left without remedy.
While it is true that sec. 964, Ky. Stats. 1903, merely
limiting criminal and penal cases to three terms, civil
cases may be heard at any term, and no order or rule
of court in conflict with the statute can be enforced
over the objection of a party, still there is no reason
why the court may not proceed with its business at
such terms as it deems best, where there is no objec-

tion, and the parties consent to this manner of setting the cases for hearing. The motion in this court is not made by Mr. Gaines, but by another attorney, who was not present, or cognizant of the local custom. Still in taking steps in an action the attorney is the representative of his client, and the latter is bound by his acts, and can not, as to such matters as this, complain of what his counsel has consented to, either expressly or by conduct from which consent would be necessarily inferred.

The motion to strike out the bill of exceptions is · therefore overruled.

JUDGE SETTLE not sitting.