## E. R. Spotswood & Son v. Woolford Brothers.

(Decided May 18, 1923.)

### Appeal from Casey Circuit Court.

1. Appeal and Error—Instructions Not Objected or Excepted to and Not in Bill of Exceptions, or in Record, Cannot be Considered.— Instructions to which appellant failed to object or except when they were given, and which he failed to incorporate in the bill of exceptions, or have made a part of the record by an order of the court, cannot be considered.

2. Corporations—Evidence Held to Sustain Finding Contract was Modified to Allow for Extra Work, Notwithstanding Manager's Testimony that he Made Contract on His Own Behalf and Not for Corporation.—Evidence that the manager of a corporation agreed to modify a contract so as to pay for the extra work required to deliver logs in one yard instead of two, with circumstantial evidence showing he was acting within the scope of his employment and on its behalf held to sustain an allowance by the jury for the extra work, notwithstanding the manager's testimony that he was acting on his own behalf in making the agreement, and not for the corporation.

3. Logs and Logging—Evidence Held to Sustain Verdict that Plaintiffs did not Make Unconditional Agreement to Haul all Logs Necessary for Defendant's Mill.—Conflicting evidence as to conversations betwen the parties held to sustain a verdict finding that plaintiffs did not make an unconditional agreement to haul all logs

necessary to keep defendant's mill in full operation, for breach of which defendant sought recovery by counterclaim, but that the agreement was conditional and the failure to perform it was excused by defendant's failure to furnish the teams required and by the weather conditions.

CHAS. F. MONTGOMERY for appellant.

STONE & MOORE for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellees sued appellant, a corporation, for $162.00 alleged to be due them for services rendered under a logging contract; for $150.00 alleged to be due for extra services performed by them at its request; and for $1,-200.00 damages for defendant's alleged breach of a portion of the contract.

For answer the defendant denied that the extra services were performed for it or at its request, or that it had breached the contract, and as a counterclaim asserted a small claim for hauling, and alleged a breach of the contract by plaintiffs in failing to deliver sufficient logs to keep its mill running regularly, for which it sought damages in the sum of $6,220.00.

A reply completed the issues, and upon trial, a verdict was returned for plaintiffs for the $162.00 and the $150.00 items, and defendant was awarded $19.20 for hauling, on its counterclaim.

For reversal of the judgment entered thereon, the defendant complains (1), that the instructions given by the court were erroneous, and (2), that the verdict is flagrantly against the evidence.

The objection to the instructions is unavailing, since the defendant not only failed to object or except to same when given, but also failed to incorporate them in the bill of exceptions and they were not made a part of the record by an order of court. Instructions not made a part of the record in one of these ways are not properly identified, although copied into the record by the clerk, and cannot be considered by this court. See section 335 of the Civil Code, and cases cited in notes 19 and 19a thereto.

This leaves only the question of whether the evidence supports the verdict allowing plaintiffs the two items of $162.00 and $150.00, and denying to defendant its counterclaim for damages.

Upon the item of $162.00 allowed plaintiffs, the evidence is all one way, and to the effect that this sum was due them for services performed under the original contract defendant admits its resident manager executed for it, and which he accepted as performed, and there can be no doubt that the evidence fully supports the verdict for this amount.

With reference to the $150.00 allowed plaintiffs for extra services performed by them in delivering the logs upon one yard rather than two, as originally agreed, the only issue raised was whether in making this modification of the original contract defendant's resident manager was acting for himself or it; and while he testified he was acting in his individual capacity and not for the company, he was clearly acting within the apparent scope of his authority as its agent in so doing, and there was much circumstantial evidence as well as the testimony of plaintiff as to the terms of this modification of the original contract, indicating that he was acting for defendant; and the evidence as a whole, in our judgment, was amply sufficient, not only to carry this question to the jury, but to support the verdict as well.

Appellant's chief complaint is of the refusal of the jury to allow it damages upon its counterclaim for the time its mill was idle because of plaintiffs' failure to deliver the logs fast enough to keep the mill running. That plaintiffs did not thus deliver the logs and that defendant suffered damages upon this account was established without contradiction, but upon both the pleadings and the evidence the issue was, whether or not plaintiffs had agreed to put sufficient teams on the contract, after their corn crop was laid by, to log the mill to its full capacity.

Defendant's manager testified that such was their agreement, while plaintiffs denied this and testified that they only agreed to do the best they could to log the mill to its capacity, and upon condition that the defendant would furnish teams to haul 100,000 feet of the logs; that it did not do this, although plaintiffs called upon it to do so, and that the failure to keep the mill going was not due to any fault of theirs, but to defendant's failure to furnish teams as agreed, and to weather conditions.

Defendant's manager admits that there was discussion, at the time the contract was made, about it hauling 100,000 feet of the logs, but insists he did not agree to furnish teams for the purpose but only reserved the right

so to do, which plaintiffs deny. He did, however, send teams to help do the hauling, and the evidence is conflicting as to whether their failure so to do was because of plaintiffs' refusal to use the teams or the teamsters' refusal to haul.

Hence it is clear, we think, the evidence was so conflicting as to make it a question for the jury whether plaintiffs had agreed to log the mill to its capacity absolutely or upon condition, as well as whether the failure to furnish sufficient logs for the purpose was due to plaintiffs' or defendant's fault; and we are unable to say that the verdict of the jury in favor of plaintiffs is flagrantly against the evidence upon these questions of fact.

Judgment affirmed.