## Kavunedas v. Long.

(Decided October 28, 1924.)

### Appeal from Harlan Circuit Court.

1. Appeal and Error—In Absence of Bill of Exceptions, Only Sufficiency of Pleadings to Support Verdict Considered.—In absence of bill of exceptions, reviewing court can only consider sufficiency of pleadings to support verdict.

2. Judgment—Judgment Held to Comply with Pleadings as to Allowance of Interest.—Where petition alleged sale of stock of goods on July 2d, and that balance due was to be paid 60 days thereafter, judgment allowing interest from September 2nd was in accord with pleadings.

J. E. SAMPSON, J. B. SNYDER and D. Y. LYTTLE for appellant.

J. B. CARTER for appellee.

Opinion of the Court by Judge McCandless—Affirming.

J. W. Long sued Charles Kavunedas in the Harlan circuit court and recovered a judgment of $507.00. Motion and grounds for a new trial were filed and not acted upon at that term of court. At the ensuing July term of court an order was entered overruling the motion and grounds for a new trial, and granting an appeal to this court.

No other orders were made at the July term, but at the following February term, the defendant, Kavunedas, moved the court to set aside the order which had been entered at the July term overruling the motion and grounds for a new trial, because that order did not allow defendant any time in which to file a bill of exceptions. This was overruled by the court and exceptions taken, and this appeal has been prosecuted without a bill of exceptions appearing in the record.

A number of suggestions are made in the brief as to matters of defense, but in the absence of a bill of exceptions we can only consider the sufficiency of the pleadings to support the verdict. City of Pikeville v. Dils, 175 Ky. 699; Settle v. Gibson, 147 Ky. 616; Graves v. Lyons, 166 Ky. 446; City of Jackson v. Moody, 177 Ky. 849.

It is claimed that the court erred in the date of the allowance of interest on the judgment. The petition alleged the sale of the stock of goods on July 2nd for $757.00 and that the remainder, $507.00, was to be paid sixty days thereafter. The judgment gave interest from September 2nd. If this question could be raised in this way it appears that the judgment followed the allegations and prayer of the petition and is in accord with the opinions of this court. Henderson Cotton Mfg. Co. v. Lowell Machine Shops, 86 Ky. 668; Lang v. Bach, 142 Ky. 224.

It appearing that the pleadings are sufficient to support the judgment it is affirmed.