### Bailey v. Rennert, Jr.

(Decided February 26, 1926.)

#### Appeal from Jefferson Circuit Court
#### (Common Pleas, Third Division).

1.  Motions—Court Cannot Enter Nunc Pro Tunc Order, Unless Record Shows that Modified Order was Actually Rendered on Former Date, but by Oversight was Not Entered on Record as Rendered.—Nunc pro tunc order cannot be made, unless there is some record evidence authorizing it or other entry showing that modified order was actually rendered on former date, but by oversight was not entered on record as rendered.

2.  Exceptions, Bill of—Court is Without Jurisdiction to Extend Time to File Bill of Exceptions by Order Made More than 60 Days After Prior Order and After Expiration of Term (Ky. Stats., Sections 988, 1016).—Court held without jurisdiction, in view of Ky. Stats., sections 988, 1016, to enter order not denominated nunc pro tunc extending time 60 days within which to file bill of exceptions, where it was made more than 60 days after prior similar order and after expiration of term of court at which such order was made, and hence bill of exceptions, not filed until more than 60 days after final judgment, came too late.

3.  Appeal and Error—Without evidence heard upon trial, only question for review on appeal is whether pleading sustains judgment.

4. Animals—Pleading Held to Sustain Recovery for Trespass by Stock.—Pleadings, in action for damages to property caused by stock running at large, held to sustain judgment for plaintiff.

J. L. RICHARDSON and B. F. EWING for appellant.

EUGENE R. ATTKISSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee and plaintiff below, Pete Rennert, Jr., filed this ordinary action against the appellant and defendant below, Murray Bailey, alleging in his petition that plaintiff was the owner of about two acres of land bordering on Third street extended and located in Jefferson county, upon which he resided and had planted thereon an orchard containing about 50 peach and apple trees which were three years old, and some grape vines; that he had also a growing grape arbor over his cistern and that he was also engaged in raising chickens on his premises, and upon which his wife had an assortment of growing flower shrubbery; that defendant owned all the land surrounding his lot, except on the side next to the road, and that he permitted his stock, consisting of goats, a mule, and a Holstein bull to run at large and trespass upon plaintiff's premises, contrary to the provisions of the stock law which was put in force in Jefferson county at an election held for the purpose in 1898, and was in force at the time of the trespass complained of; that the trespassing stock destroyed as many as 27 of plaintiff's fruit trees, practically all of the flower shrubbery, as well as his grape arbor, and further destroyed a number of setting hens' nests, and otherwise injured his premises, to his damage in the total sum of $1,375.00, for which amount he prayed judgment. The answer denied the material averments of the petition, but admitted the election by which the stock law was put in force in Jefferson county. A trial before a jury resulted in a verdict in favor of plaintiff for the sum of $500.00, upon which judgment was rendered, and defendant's motion for a new trial having been overruled, he prosecuted this appeal.

Defendant and appellee moved this court to strike from the record the transcript of evidence, upon the ground that it was not filed in time, and that motion was passed to a hearing of the appeal on its merits and it presents the first question to be determined.

The motion for a new trial was overruled on March 14, 1925, and as a part of the same order defendant was given 60 days from that time in which to prepare and file his bill of exceptions. None was tendered or filed within that time, and on June 23, 1925, 71 days from the order overruling the motion for a new trial, the court entered this order: "It appearing that on March 14, 1925, the court entered an order in the above styled action overruling defendant's motion for a new trial, granting exceptions and giving defendant sixty days in which to file a bill of exceptions. It is now ordered that said time to file a bill of exceptions be one hundred and twenty days, and this order may be entered as of March 14, 1925." It will be perceived that the inserted order does not purport to be, nor is it in fact, a *nunc pro tunc* one, and it was made more than 60 days after the one entered on March 14, 1925, and after the expiration of the term of court at which the latter order was made, since the Louisville circuit court in which the case was tried is a continuous one and 60 days constitutes a term of such court. After that time the court loses control of its orders and judgments, the same as do other courts having fixed terms lose such control after the expiration of the term at which the order or the judgment is made. See section 988 of our present statutes. By section 1016 of the same statutes, bills of exceptions must be filed "within 60 days after the judgment becomes final," unless further time is given and which may be done to a day in the next (60 days) term, "but not beyond 120 days after the judgment becomes final."

After the expiration of 60 days from March 14, 1925, the court lost jurisdiction to amend or extend the order made on that day, unless by the terms of that order the time had been extended over into the following term, in which case the time given might further be extended to another day in that following term, if applied for and obtained before the expiration of the extended time. The court was, therefore, without jurisdiction to enter the order made on June 23, 1925, unless it was entered *nunc pro tunc.* In order, however, for the court to enter such an order there must be some recorded evidence authorizing it, *i. e.,* some minute, memorandum, or other entry showing that the modified order was actually rendered on the former day, but by oversight was not entered on the record as rendered. Rogers v. Bigstaff's Executor, 176 Ky. 413; Lancaster Electric Light Company v. Tay-

lor, 168 Ky. 179; Benton v. King, 199 Ky. 307; Mullins v. Miller Brothers Co., idem 139, and Chapman v. Commonwealth, idem 204. It was not pretended in this case that there was any minute, memorandum, order, or other record justifying or authorizing the entry of the modifying order made on June 23, and it therefore can not be upheld or sustained as a *nunc pro tunc* order. The bill of exceptions as well as the bill of evidence. in this case (or what purports to be) was not filed or tendered until July 1, 1925, which was within the extended time specified in the order of June 23, but not within 60 days after the judgment became final on March 14, nor within any legally. extended period within which to file it. It was, therefore, too late and the motion to strike it from the record must be sustained. Johnson v. Stivers, 95 Ky. 128; U. S. F. & G. Co. v. Cole's Admr. 165 Ky. 823; City v. Wilson, 23 K. L. R. 722; Bullitt County v. Galion Iron Works and Mfg. Company, 192 Ky. 803, and cases referred to in those opinions.

Without the evidence heard upon the trial, the only question for review is, whether the pleading sustained the judgment? The Blatz Co. v. Stivers, 200 Ky. 801; Asher v. Asher, 203 Ky. 540; Kavunedas v. Long, 205 Ky. 321, and cases referred to therein.

That the pleadings do sustain the judgment in this case we entertain no doubt, and the only alternative is to affirm the judgment, and it is so ordered.