# Commonwealth, ex rel. State Highway Commission v. Adams, et al.

## (Decided May 13, 1927.)

## Appeal from Grant Circuit Court.

1. Appeal and Error.—Where no motion for a new trial is made and neither the evidence nor the instructions are properly brought up to the appellate court, neither excessiveness of verdict nor instruc-

tions may be considered, but only question presented is whether the pleadings sustain the judgment.

2. Eminent Domain.—In condemnation proceedings, where the amount of the judgment rendered in county court was tendered to the landowner and rejected, he could not recover interest on such sum, although he appeals to circuit court, and there recovered a larger judgment.

3. Eminent Domain.—Where owner of land being condemned appealed from the judgment in county court, and secured a larger judgment in circuit court, he might recover interest on the increase only from time county took actual possession of the condemned land.

4. Eminent Domain.—Condemnation proceedings under Constitution, section 242, not being in equity, where no motion for a new trial is made, and there is no bill of exceptions or bill of evidence, the only question presented to the appellate court is whether the pleadings sustain the judgment.

L. M. ACKMAN for appellant.

C. C. ADAMS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is a condemnation proceeding instituted in the county court of Grant county at the instance of the state highway commission, whereby 2.9 acres of land owned by appellees jointly was sought to be appropriated for state highway purposes. Viewers were appointed, and they reported $225 as the value of the land actually taken; $675 resulting damages to the remainder of the farm, and $50 for necessary fencing. Appellees were thereupon summoned, and both they and the commonwealth filed exceptions to the report which was later heard before a jury, and it returned a verdict of total damages in the sum of $1,500. Appellees prosecuted an appeal to the Grant circuit court, and, upon trial before a jury therein, the total damages were increased to $1,-750, upon which the court rendered judgment, and directed that it bear interest from March 12, 1923, the date of the jury trial in the county court wherein the damages were fixed at $1,500. Appellees filed their motion for a new trial in the circuit court, which was overruled, and they prayed an appeal to this court, but never prosecuted one, nor have they moved for a cross-appeal in this appeal to this court by the commonwealth. The latter made no motion for a new trial in the circuit court wherein the damages were assessed by the jury at $1,-

750, nor did it file therein any bill of exceptions or bill of evidence, the last of which must have been quite voluminous since it appears that about three days were occupied in the trial in the circuit court.

Without either evidence, instructions or a motion for a new trial, the practice is universal that the only question presented on appeal is: Whether the pleadings sustain the judgment? Charles v. Hurley, 109 S. W. 320, 33 Ky. Law Rep. 78; Sim et al. v. Bishop, 177 Ky. 279, 197 S. W. 625; Spotswood & Son v. Woolford Bros., 199 Ky. 287, 250 S. W. 969; Hardin Oil Co. v. Spencer, 205 Ky. 842, 266 S. W. 654; Kavundas v. Long, 205 Ky. 321, 265 S. W. 790; A. Downs & Bro. et al. v. Firemen's Insurance Co., 206 Ky. 316, 267 S. W. 153; Denny v. Darraugh, 212 Ky. 655, 279 S. W. 1069; Bailey v. Rennert, 213 Ky. 262, 280 S. W. 1103; and Clevenger v. Stewart, 215 Ky. 432, 284 S. W. 1106. It is not contended, nor could it be successfully done, that they do not sustain the judgment in this case. The county attorney of Grant county, representing appellant in this proceeding and on this appeal, attacks the verdict of the jury because it is excessive, and he also criticizes the instructions of the court, but, for the reasons stated, we have no authority to review those matters, even if the instructions and the evidence were copied in the record, but, since they are not, we could not review them if we had authority to do so.

It is also complained that the court erred in adjudging interest from the date of the jury trial in the county court, which we think is correct. It, however, is only a clerical misprision that may be corrected by motion in the circuit court. The appellant, upon the rendition of the judgment in the county court for $1,500, tendered that sum and all costs to appellees in open court, but they declined to accept it, and the tender was deposited with the clerk of the county court, and in no event should interest be recovered on that amount. Neither should the increased amount of $250 allowed by the verdict in the circuit court bear interest, except from the time the county took actual possession of the condemned land, which it did shortly after making its tender and deposit in the county court. So that the only interest that is collectable on the verdict returned in the circuit court should be calculated only on $250 from the time the possession of the land was taken, and the circuit court will correct its judgment in this respect as herein indicated.

In avoidance of the failure to move for a new trial and the other failures herein referred to, counsel for appellant argues that no such preparatory steps for appeal to this court are required by the practice in equity cases, and he then contends that this is an equity proceeding; but he has failed to so convince us. The reasons why counsel concludes that the proceeding was heard and tried as an equitable one are not pointed out to us, and the record sustains no such conclusions. The petition is the usual and ordinary one in such cases, and the entire trial proceeded according to the provisions of the statute, including the impaneling of a jury to assess the damages. Section 242, Constitution. It was therefore essentially a case requiring a motion for a new trial as well as the filing of a bill of exceptions and a bill of evidence. If, however, it were otherwise, then we could make but little progress in disposing of the errors complained of without the evidence heard upon the trial, and there was no effort whatever to bring it here either in the regular way by a bill of evidence or otherwise.

Wherefore, for the reasons stated, the judgment is affirmed.