### Adams, et al. v. Grant County Fiscal Court.

(Decided May 18, 1928.)

Appeal from Grant Circuit Court.

1. Mandamus.—On appeal from judgment in a mandamus action to compel payment of a certain judgment, presumption is that the lower court had modified prior judgment as previously ordered by the reviewing court.

2. Mandamus.—To make case entitling landowners whose land was condemned for highway purposes to mandamus compelling fiscal court to pay judgment with interest, notwithstanding on appeal judgment was ordered corrected to eliminate interest, plaintiffs must allege judgment was not modified as ordered.

C. C. ADAMS for appellants.

L. M. ACKMAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

The Commonwealth, on relation of the state highway commission, instituted a proceeding in the Grant county court against H. Omer Adams and others to condemn a small tract of land for highway purposes. The jury fixed the damages at $1,500. On appeal to the Grant circuit court, the jury fixed the damages at $1,750. On October 2, 1924, judgment was rendered for that amount with 6 per cent. interest thereon from March 12, 1923. On appeal, the judgment was affirmed, Commonwealth ex rel. v. Adams, 220 Ky. 151, 294 S. W. 1066, but in remanding the case the court said:

"It is also complained that the court erred in adjudging interest from the date of the jury trial in the county court, which we think is correct. It, however, is only a clerical misprision that may be corrected by motion in the circuit court. The appellant, upon the rendition of the judgment in the county court for $1,500, tendered that sum and all costs to appellees in open court, but they declined to accept it, and the tender was deposited with the clerk of the county court, and in no event should interest be recovered on that amount. Neither should the increased amount of $250 allowed by the verdict in the circuit court bear interest, except from the time the county took actual possession of the condemned land, which it did shortly after making its tender and deposit in the county court. So that the only interest that is collectable on the verdict returned in the circuit court should be calculated only on $250 from the time the possession of the land was taken, and the circuit court will correct its judgment in this respect as herein indicated."

Thereafter H. Omer Adams and others, the defendants in the condemnation proceeding, relying upon sec-

tion 4356t7, Kentucky Statutes, making it the duty of the county to pay all cost of acquiring any necessary land or right of way, or any damages incurred, awarded, or paid, brought this action against the Grant fiscal court, the members thereof, and the county treasurer, for a mandamus compelling them to pay the judgment of October 2, 1924. The petition as amended proceeds on the theory that the tender of the $1,500 was not kept good, and therefore did not have the effect of stopping the running of interest thereon. A demurrer was sustained to the petition as amended, and the petition was dismissed. Plaintiffs have appealed.

The liability of the county for the damages awarded in the condemnation proceeding and the duty of the fiscal court to provide for the payment thereof depend upon the judgment finally rendered in that action. Inasmuch as the opinion of this court on the appeal in the condemnation proceeding directed the Grant circuit court to correct the judgment of October 2, 1924, as therein indicated, it will be presumed that that court complied with the direction. Therefore, in order to make out a case entitling them to a mandamus compelling the members of the fiscal court to pay the judgment of October 2, 1924, it was necessary for plaintiffs to allege that that judgment had not been modified or corrected as directed by this court. There being no allegation to that effect, the court did not err in sustaining the demurrer to the petition as amended.

Judgment affirmed.