## McBee's Adm'x v. Louisville & N. R. Co.

Jan. 16, 1940.

Jesse Morgan and Paul Gross for appellant.

Craft & Stanfill, C. S. Landrum, J. Miller White and H. T. Lively for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

On July 15, 1934, Clarence McBee, 19 years of age, was drowned while swimming in the appellee's water tank at Darbs Fork in Perry County. This action was brought by McBee's mother as administratrix of his estate. She alleged that her son was drowned because of the gross negligence of the servants of the Railway Company in the maintenance and operation of the water tank. At the conclusion of the appellant's evidence the court instructed the jury to find for the appellee. It is insisted that the court erred in giving that instruction.

We are confronted at the outset with the appellee's motion to strike the bill of exceptions and transcript of evidence because they were filed too late. Judgment was entered in this case on September 28, 1937, which was the 14th day of the September term. The appellant's motion for a new trial was overruled on the same day and she was granted an appeal to this Court. On October 22nd, the 35th day of the September extended term, an order was entered which, according to the appellee's contentions, gave the official stenographer until the 15th day of the next regular term (November) in which to prepare the transcript of the evidence. While the wording of the order of November 15th is somewhat confused, we are disposed to interpret it as giving the appellant until the 15th day of the November term to file her bill of exceptions. On December 18th, which was the 24th day of the November term, the bill of exceptions was filed. On the same day the court entered a nunc pro tunc order in which it was recited among other things that time had been given the appellant until and including the 15th day of the November term to prepare and file a bill of exceptions, and that prior to that time, on appellant's motion, the time for filing the bill of exceptions was extended to and including the 24th day of the November term, but because of some oversight or

mistake the order extending the time for filing the bill of exceptions was not entered upon the record.

The appellee insists that the nunc pro tunc order of December 18th was a nullity, because there was nothing upon which to base such an order except the memory of the trial judge. In refusing to recognize a nunc pro tunc order not supported by written evidence, it was said in the case of Blue Grass Traction Co. v. Crosdale, 143 Ky. 196, 136 S. W. 204, 206:

> "In other cases the same rule has been announced, so that it may be said that the principle is well settled in this court that, unless time within which to tender and file a bill of exceptions is given by an order at the term at which the motion and grounds for a new trial are overruled, the bill cannot thereafter be filed. There must be some written evidence entered upon the record books of the court, either the motion book, the order book, or the judge's record, showing that the time has been extended, or else the right to file the bill is lost; and the judge is powerless to receive, approve, or permit what purports to be a bill to be filed."

See also Benton v. King, 199 Ky. 307, 250 S. W. 1002, and Bailey v. Rennert, 213 Ky. 262, 280 S. W. 1103, and cases cited therein. There being no record evidence showing that the modified order extending the time for filing the bill of exceptions was actually rendered prior to the 15th day of the November term, it follows that the motion to strike the bill of exceptions and the transcript of evidence should be and it is sustained.

The only question remaining for review is whether the pleadings sustain the judgment. Bailey v. Rennert, supra; Commonwealth ex rel. State Highway Commission v. Adams, 220 Ky. 151, 294 S. W. 1066; Rockcastle County v. Bowman, 274 Ky. 787, 120 S. W. (2d) 385. We entertain no doubt that the pleadings sustain the judgment in the case before us. Furthermore, we have examined the evidence offered by the appellant and are of the opinion that the trial judge correctly instructed the jury to find for the appellee.

Wherefore, the judgment is affirmed.