## Feltner et al. v. Smith.

Sept. 24, 1940.

S. M. Ward, Judge.

Napier & Napier for appellants.

I. A. Bowles for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This is an appeal from a judgment on a verdict awarding the appellee, Dan Smith, plaintiff below, the sum of $117 as damages for the cutting of timber from and the trespassing upon his land by the appellants. The litigation in some respects is an outgrowth of a controversy between the appellee and appellant, Shade Feltner, and his wife, reported in Smith v. Feltner, 256 Ky. 325, 76 S. W. (2d) 25. The outcome of that controversy was that the Feltners were required to carry out a contract under which they had agreed to trade Smith a 20-acre tract of land for a 10-acre tract.

We are confronted at the outset with the appellee's motion to set aside the order of submission and to strike the bill of evidence on the ground that the bill was not filed in time. Final judgment was entered in the cause on January 18, 1937, the forty-ninth day of the November, 1936, extended term. The appellants' motion and grounds for a new trial were overruled on March 13, 1937, the twenty-fourth day of the February extended term. On the same day the appellants were given to the last day of the next regular term to file their bill of exceptions. The next regular term was the June term, beginning the second Monday in June and continuing through twenty-four juridical days. Carroll's Kentucky Statutes, Section 965-33. The bill of exceptions was not filed on the day designated and there was no order giving the appellants additional time over into the extended term to file their bill. On July 17th, the thirtieth day of the June extended term, the bill was filed.

Section 334 of the Civil Code of Practice provides that time may be given for filing a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court. As pointed out in the case of Napier v.

Hurst-Snyder Hospital Co., 279 Ky. 378, 130 S. W. (2d) 771, we have uniformly held that this Code provision is mandatory. In the case of City of Hazard v. Eversole, 280 Ky. 621, 133 S. W. (2d) 906, we overruled a motion to strike the bill of exceptions where the court extended the time for filing the bill over into an extended term, but in the case at bar there was no such order granting additional time to the appellants. It follows, therefore, that the bill of exceptions was not filed within the time prescribed by Section 334 of the Civil Code of Practice, and it becomes necessary to sustain the appellee's motion to strike the bill of evidence.

Under the circumstances, as pointed out in McBee's Adm'x v. Louisville & N. R. Co., 281 Ky. 322, 136 S. W. (2d) 10, the only question remaining for review is whether the pleadings sustain the judgment. They do.

Judgment affirmed.