## Paducah Ice Mfg. Co. et al. v. City of Paducah.

Dec. 2, 1941.

Wheeler & Shelbourne for appellants.

McMurry & Reed for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This action was instituted by the City of Paducah to condemn a piece of property belonging to the Paducah Ice Manufacturing Company for the purpose of building a flood wall. On the property was an old two story brick building in reasonably good repair equipped for the storage of ice and which was used as a distribution point by the company. Some effort was made by the city to purchase the property before the institution of the action, but the effort seems to have been something in the nature of a "take it or leave it" offer by the Land Acquisition Committee representing the city. The trial resulted in a verdict of $6,000 for the real estate and improvements and an allowance of an additional $1,000 for the cost of moving the equipment. This appeal is being prosecuted from a judgment on that verdict.

The grounds urged for reversal are: (1) The sum allowed for the property was inadequate; (2) the exceptions filed to the commissioner's report by the city were not supported by the affidavits of disinterested persons; (3) the trial court erroneously rejected certain evidence; (4) the jury was not disinterested; (5) the city failed to allege or prove that the land could not be purchased; and (6) there was no order appointing the appraisal commissioners.

Being of the opinion that grounds 2 and 6 are well founded, we shall confine our discussion of the case to them.

Section 3095c of the Statutes reads in part as follows:

"Either party may file written exceptions to the report at any time before its confirmation. If the exceptions are based on the ground that the damages awarded are too small or too great, the exceptions

must be accompanied by the affidavit of the party stating the amount of damages which it or he believes would be just and reasonable, and be supported by the affidavits of two other disinterested persons stating that the amount claimed by the excepting party would be just and reasonable. * * *''

The persons who signed the affidavits supporting the city's exceptions were members of the Land Acquisition Committee whose duty it was to acquire rights of way for the flood wall. They were not regular employees of the city, but were paid on a per diem basis. The company contends that these persons were not disinterested parties within the meaning of the statute. The city contends, on the other hand, that they were disinterested because ''these individuals had no pecuniary, vested or certain interest in the litigation and stood to gain or lose nothing by reason thereof.'' We think the statute means what it says, namely, that the exceptions must be supported by the affidavits of disinterested persons. We do not think it can be seriously contended that employees of the city whose duty it was to acquire land for the flood wall project could be classed as disinterested persons. It would be only natural that they would be interested in acquiring the rights of way as cheaply as possible. Viewing the case from another angle, could one seriously contend that the statute would have been complied with if the company's exceptions had been supported by the affidavits of two of its employees, regardless of the manner in which they were compensated. The answer is obvious.

No court order was entered at the time the commissioners were appointed to view the property. This question was raised by the company in its amended motion and grounds for a new trial. A supplemental record reveals that on October 19, 1940, the court attempted to enter a nunc pro tunc order appointing the commissioners as of September 29, 1939. Such an order can be entered only when there is some written evidence upon which to base it, either in the motion book, the order book or the judge's record. McBee's Adm'x v. Louisville & N. R. Co., 281 Ky. 322, 136 S. W. (2d) 10; Brannon v. Scott, 288 Ky. 334, 156 S. W. (2d) 164. There was no such evidence in this case.

For the reasons given we think the judgment should be and it is reversed with directions that it be set aside for proceedings consistent with this opinion.