## Small et al. v. Minton et al.

Jan. 22, 1946.

Pleas Sanders and S. G. Wilkerson for appellants.

Carl H. Boone, Allen P. Cubbage and Delma L. Mauzey for appellee.

Opinion of the Court by Judge Cammack—Affirming.

During the latter part of 1936, the bank of Caneyville instituted an action against Matt Small to collect an indebtedness which he owed the Bank. Judgment went in favor of the Bank early in January, 1937, and an execution was issued upon the judgment. The execution was levied upon a small tract of real estate owned by Small, which was sold to satisfy the indebtedness. After the entry of the judgment, and before the date of the sale, Mrs. Small had recorded a deed under which her husband had conveyed the property to her in September, 1936. Early in 1938 the parties who purchased the property instituted an action against the Smalls wherein it was set forth that the latter parties were claiming the land, and wherein it was charged that the deed from Mr. Small to his wife was executed without consideration and was made for the purpose of defeating his creditors. Judgment went in favor of the plaintiffs in that action, and it was also adjudged that the Smalls were not entitled to a homestead in the property, apparently because they were making their home in Leitchfield. The Smalls were granted an appeal from that judgment, but it was never prosecuted to this Court.

In 1944, the Smalls instituted this action to again test the title to the property. Their depositions were taken and the chancellor heard the other testimony orally. Judgment went in favor of the defendants in August, 1944. The Smalls did not ask for time to file a bill of exceptions at the term of court during which the judgment was entered, nor was an extension of time requested. In December, 1944, a bill of exceptions was tendered to the chancellor, but he refused to approve it. We are confronted, therefore, with the question of whether or not the pleadings support the judgment. Feltner v. Smith, 283 Ky. 783, 143 S. W. 2d 505. We

think they do. We have examined the whole record, however, and we have no hesitancy in saying that we think the chancellor reached a proper determination of the case.

Judgment affirmed.