**RIGELWOOD et al. v. CITY OF BOWLING GREEN et al.**

Court of Appeals of Kentucky.

March 23, 1951.

W. D. Gilliam, Scottsville, Thomas W. Hines, Bowling Green, for appellants.

M. D. Burton, Joe S. Garman, and Coleman, Harlin & Orendorf, all of Bowling Green, for appellees.

CLAY, Commissioner.

Appellants, residents of an area proposed to be annexed by the City of Bowling Green, filed this action as a remonstrance against such annexation. The Chancellor, after hearing proof, decided that the ordinance governing the proceeding was valid, and that failure to annex would materially retard the prosperity of the City and the owners and inhabitants of the area sought to be annexed.

Appellees have moved to strike the bill of exceptions, because it was not filed in time. Appellants' motion for a new trial was overruled during the May 1950 term. They were given until the 20th day of the October 1950 term to tender their bill of exceptions, to which ruling appellees objected and excepted. On October 31, 1950, appellants secured a further extension of time to December 2, 1950, to which order appellees also excepted. The bill was filed, approved and signed on that date.

Appellees have moved this Court to strike the bill on the ground that it should have been filed at the September term of the Warren Circuit Court. It is shown by affidavits that by custom and rule of court, the September term of the Warren Circuit Court has been devoted for years exclusively to criminal cases. The Circuit Court rules provide, however, that bills of exceptions in civil cases may be tendered and filed during such term.

Section 334 of the Civil Code of Practice provides that time may not be given for filing a bill of exceptions beyond a day in the succeeding term. We have frequently held that the provisions of that section are mandatory. See Feltner v. Smith, 283 Ky. 783, 143 S.W.2d 505. No

authority has been found for permitting a circuit court's rule or custom to do away with the unambiguous provisions of the Civil Code.

In Hill's Adm'r. v. Penn. Mutual Life Ins. Co., 120 Ky. 190, 85 S.W. 759, a similar problem arose in the Warren Circuit Court. It was held that the defendant's attorney could not take advantage of the situation because he had consented to the extension by reason of his knowledge of the existing court rule and custom and his failure to object. In view of our opinions to the effect that Section 334 of the Civil Code of Practice is mandatory, the ruling of the Hill case is of doubtful soundness. In any event, the present case is clearly distinguishable because: (1) the present rules of the Warren Circuit Court specifically allow bills of exceptions to be filed during the September term; and (2) appellees objected and excepted to the extension of time to the October term.

Appellants have moved us to reconsider our order heretofore entered, striking the bill of exceptions and the transcript of the testimony. This motion must be overruled.

Appellants urge for reversal that the applicable ordinance is void in that it embraces more than one subject, not expressed in the title, in violation of KRS 84.100. The title of the ordinance is, "An Ordinance Proposing to Annex all of that Territory to the North, East, South and West of the Present Boundary Lines of the City of Bowling Green, Kentucky." The text of the ordinance carries a description of the present boundary of the City of Bowling Green, recites previous additions made to the City and the amendments and reenactments by which such additions were made. It then proceeds to describe the territory proposed to be annexed.

 The descriptive provisions of the ordinance are all germane to the proposed annexation, and do not deal with other subjects. The title gave ample notice of the single subject and purpose of the ordinance. See Scott v. Cincinnati, N. & C. Ry. Co., 268 Ky. 383, 105 S.W.2d 169; and Paducah Automotive Trades Ass'n v. City of Paducah, 307 Ky. 524, 211 S.W.2d 660.

Other questions raised depend on the testimony found in the bill of exceptions. We cannot consider them because, as discussed above, the bill of exceptions was properly stricken. We may say, however, that the opinion of the Circuit Court, by Judge John B. Rodes, appears sound and effectively disposes of these questions.

The judgment is affirmed.