## HOBACK et al. v. BROWNFIELD et al.

Court of Appeals of Kentucky.

Nov. 9, 1951.

Santiago Paniello, Allen Schmitt, Louisville, for appellants.

Faurest & Montgomery, Elizabethtown, T. M. Galphin, Jr. and Ogden, Galphin & Abell, Louisville, for appellee, Paul Brownfield.

J. R. Layman, Elizabethtown, Shelby M. Howard, Hodgenville, for appellee, Monta Hogan Childress.

WADDILL, Commissioner.

Appellants filed separate suits against appellees seeking damages for personal injuries resulting from a collision involving the automobile operated by appellee Brownfield and the automobile driven by the appellee Childress in which appellants were passengers. These cases were tried jointly with the suit Childress brought against Brownfield. The jury rendered a verdict denying recovery to each of appellants and awarded Brownfield $1,250 on his counterclaim against Childress.

Preliminary to a consideration of the merits of the case, we are confronted with the motion to strike the bill of evidence because it was not filed in time. Appellants' motion and grounds for new trial were overruled on June 2, 1949, and they were granted to and including the 3rd day of the October term 1949, to file their bill of exceptions. The court permitted appellants to file the transcript of evidence and the instructions on the 4th day of the October term, stating in his order that the transcript and the instructions had been placed on his desk on the 3rd day of the October term.

Section 337 of the Civil Code of Practice declares that no particular form of a bill of exceptions is required, but it seems to be contemplated by Section 334, that the attorney for the litigant shall prepare the bill of which the stenographer's transcript will be made a part. See, Louisville & N. R. Co. v. Paul's Adm'r, 314 Ky. 473, 235 S. W.2d 787.

Section 334 of our Civil Code provides that time may not be given for filing bill of exceptions beyond a day in the succeeding term. We have uniformly held that this code provision is mandatory. Rigelwood v. City of Bowling Green, Ky., 238 S.W.2d 147.

We have recognized that the court has the power to extend the time granted for the filing of the bill of exceptions within the prescribed limits contained in Section 334 of the Civil Code, when the court enters an order for that purpose within the time specified by his previous order. When the time allowed has expired and there has been no order entered granting further time, the court is without authority to enter a nunc pro tunc order allowing the extension of further time, unless there be some written evidence made upon the record books of the court, either the motion book, the order book, or the judge's record, showing that the time has been extended. McBee's Adm'x v. Louisville & N. R. Co., 281 Ky. 322, 136 S. W.2d 10.

Considering the order in question in light of the pronouncements by this Court, we are of the opinion that the trial court should not have allowed the transcript and the instructions to be filed. The application of this rule may appear harsh but the law is so written. Rose v. Knox County Fiscal Court, 279 Ky. 611, 131 S.W.2d 498.

Prior to submission of these cases on appeal, we overruled appellees' motion to strike the transcript of evidence and the instructions so that the entire proceedings of the trial court could be reviewed without prejudice to the rights of the parties. We now find that the motion should be sustained.

In the absence of a bill of exceptions the only question remaining for review is whether the pleadings sustain the judgment. Feltner v. Smith, 283 Ky. 783, 143 S.W.2d 505. We have examined the pleadings and find they are sufficient to support the verdict and judgment.

Judgment affirmed.