Case 62.—ACTION BY JOHN KNECHT AGAINST THE LOUIS-
VILLE HOME TELEPHONE CO. FOR MALICIOUS PROSE-
CUTION.—November 17.

## Knecht v. Louisville Home Telephone Co.

Appeal from Jefferson Circuit Court, Common
Pleas Branch (1st Division).

EMMETT FIELD, Judge.

Judgment for defendant. Plaintiff appeals. Af-
firmed.

1. Appeal—Record—Bill of Exceptions—Transcript of Testimony
—Civil Code of Prac., sec. 334, authorizes the giving of time
to prepare a bill of exceptions not beyond a day in the suc-
ceeding term. Ky. Stats. 1903, sec. 4639, provides that the
transcript of the testimony taken down by the stenographer
shall be filed and used in making up the bill of exceptions.
Sec. 4644 provides that the transcript, when attested by the
judge, may be taken to the Court of Appeals. Appellant
within the time fixed by the court tendered his bill of ex-
ceptions, which was signed by the judge and filed. The
bill did not contain the evidence. At a subsequent term
the transcript of the evidence was ordered filed. Held—The
transcript was not in the record, because filed after the court
had lost jurisdiction.

2. Same—Defective Record—Affirmance of judgment—Where the
pleadings support the judgment, and neither the evidence
nor the instructions are in the record, the judgment will be
affirmed on appeal.

W. T. BURCH for appellant.

1. Appellee company came inside of appellee's premises against
his protest and set up poles in July, 1904, which appellant cut
down. On September 1 appellant's yard fence was torn down and
appellee erected another pole, which appellant cut down. This
was on appellant's land. Then appellee's foreman swore out a
warrant against appellant. We submit that this court will

not justify such an act of robbery. Appellee makes no pretense of title to this land, nor any possession of it.

MATT O'DOHERTY for appellee.

1. Appellant's motion for a new trial was overruled in the court below March 5, 1904.

2. His bill of exceptions was tendered March 26, and filed May 11, 1904.

3. No transcript of the evidence was then offered, and no additional time within which to file such transcript was asked for by appellant, or given by the court.

4. The stenographic report, against which the motion is directed, was tendered and filed over appellee's objection August 13, 1905, five months and eight days after the motion for a new trial had been overruled.

5. The statute requires that "bills of exceptions must be prepared and presented to the judge within sixty days after making of the order excepted to, * * * but in no event not later than 120 days after the judgment becomes final." (Civil Code, sec. 734.) We submit that under this showing appellee's motion to strike from the record what purports to be the stenographic report of the evidence must be sustained. If neither the instructions nor the evidence heard at the trial is before the court, the only question the court can consider is as to whether the pleadings sustain the judgment. No question having been made on that point the judgment should, therefore, be affirmed. (Johnson v. Stivers, 95 Ky., 132; Combs v. Combs, 19 Ky. Law Rep., 400.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

John Knecht brought this action against the Home Telephone Co. for malicious prosecution. The defendant filed answer, and on January 17, 1904, the case was heard by a jury, who returned a verdict for the defendant, and the court entered judgment thereon. On the 18th of February the plaintiff filed grounds and moved the court to grant him a new trial. On March 5th the court overruled the motion for a new trial and gave the plaintiff 60 days' time to file a bill of exceptions. On March 26th the plaintiff tendered a bill of exceptions, and on May 11th the court, having examined, approved, and signed the bill, ordered it filed

and made part of the record. The bill of exceptions, omitting formal parts, is in these words: "The plaintiff offered the following testimony: (Said testimony will be found in the stenographer's transcript of testimony.) Whereupon the defendant moved for peremptory instructions, which motion was overruled, to which the defendant excepted. Defendant offered the following testimony: (Said testimony will be found in the stenographer's transcript of testimony.) After argument by the attorneys for each side there was a verdict and judgment for defendant."

On August 13, 1904, the plaintiff tendered and moved the court to file the transcript of evidence as taken down by the stenographer, and the court sustained the motion and ordered the transcript filed, over the objections of the defendant. A motion has been entered in this court to strike from the record the transcript of the evidence which has been brought up on the appeal, upon the ground that it is not properly a part of the record.

Sec. 334 of the Civil Code of Practice is in these words: "The party objecting must except when the decision is made; and time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term, to be fixed by the court." Secs. 4639 and 4644, Ky. Stats. 1903, relating to stenographer's transcripts of evidence, are as follows:

"Sec. 4639. Upon any trial or proceeding in any civil case in said court or division, if either party to the suit, or their attorney, shall request the services of said reporter or if, in the opinion of the presiding judge, the testimony should be preserved, the presiding judge shall direct such reporter to make a full report of the testimony heard therein, whereupon it shall be the duty of the reporter to take full steno-

graphic notes of such testimony, and upon the motion of either party to the suit or proceeding or their attorney, to cause a full and accurate transcript of the same to be made, which shall be filed among the papers to be used in making up the bill of exceptions to the Court of Appeals.

"Sec. 4644. Any of said transcripts of testimony made by such reporter, as aforesaid, when attested by the judge before whom the trial was had, may be taken, without being copied, to the Court of Appeals, to be used upon an appeal, and thereafter returned to the court in which it was made."

It will be observed that by the Civil Code of Practice time may be given for filing a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court. Sixty days is a term of the Jefferson Circuit Court. The court gave the plaintiff 60 days in which to tender a bill of exceptions. The plaintiff within the 60 days tendered the bill, which was signed by the judge and filed. But this bill did not contain any of the evidence introduced on the trial, the instructions of the court to the jury, or any exceptions taken during the trial.

It will also be observed that by sec. 4639 Ky. Stats. 1903, the transcript of the testimony taken down by the stenographer shall be filed with the papers to be used in making up the bill of exceptions to the Court of Appeals, and, when attested by the judge before whom the trial is had, may be taken up on the appeal under sec. 4644 without being copied. But, in order that the papers may be taken up upon the appeal, it must be a part of the record of the circuit court, and it does not become a part of that record unless it is filed by an order of court made while the court has jurisdiction of the case and the parties. When an

ordinary action is tried, and the motion for new trial is overruled, and the bill of exceptions is signed and filed, the court after the term has no jurisdiction over the case. The jurisdiction of the court over the case ends with the term at which the motion for new trial is overruled, except that, where time to tender a bill of exceptions is given to a day in the succeeding term, the bill of exceptions may be filed within the time so given, but when at the succeeding term the bill of exceptions is filed, or if the term passes without the bill being tendered or filed, the jurisdiction of the court over the case ceases. It is without power to make up the record at a subsequent term; for it has often been held that it can not modify the judgment at a succeeding term or make any order in a case of this sort.

The usual practice is to file the stenographer's transcript of the evidence with the bill of exceptions, and in the bill of exceptions to simply refer to the transcript as containing a statement of the testimony of the witnesses and the exceptions to the testimony. But it can not be tolerated that a bill of exceptions may be filed within the time allowed which contains no part of the evidence given on the trial, and that then at a subsequent term, when the court has lost jurisdiction over the case, a transcript of the evidence may be filed and made part of the record. The purpose of the provision of the Code is to require bills of exceptions to be made up promptly while the facts are fresh in the minds of the court and the parties concerned, so that they may be made up correctly. If the practice were allowed which was followed in this case, the purpose of the statute would be entirely defeated, and there would be no limit to the time for filing a bill of exceptions. Such a practice would be

attended with grave evils which it was the plain pur-
pose of the statute to prevent.   We therefore con-
clude that the transcript of the testimony, having been
filed after the court had lost jurisdiction over the case
and when it was without power to make any such
order in it, is not a part of the record, and that the
motion to strike it from the files must be sustained.

The pleadings support the judgment, and, as we
have before us neither the evidence heard on the trial
nor the instructions of the court to the jury, the judg-
ment complained of can not be disturbed.

Judgment affirmed.