## Helm, Administrator v. Hoke Company.

(Decided January 30, 1917.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Appeal and Error—Bills of Exception—Transcripts of Evidence.— When time is given in which to prepare the bill of exceptions and transcript of evidence, they must be filed within the time allowed. If a bill of exceptions is filed which refers to and makes a part of it a transcript of the evidence, but no transcript is, in fact, filed, the party cannot, after the time allowed, file the transcript.

2. Appeal and Error—Bills of Exceptions—Bystanders' Bill of Evidence.—If for any cause the party desiring to appeal cannot secure the official stenographer's transcript of the evidence within the time allowed in which to file it, he should prepare a bystanders' bill in the manner provided in section 337 of the Civil Code.

3. Appeal and Error—Bills of Exceptions—Transcripts of Evidence.— Where the official stenographer's transcript of the evidence can not be secured on account of his illness and death, and the complaining party fails to tender a bystanders' bill within the time allowed, he cannot, after the expiration of the time, supply the evidence by affidavits or depositions not heard on the trial.

4. Appeal and Error—Effect of Failure to Have Transcript of Evidence—Instructions.—Where there is no transcript of evidence the only question is the sufficiency of the pleadings to support the verdict. Alleged errors in instructions cannot be considered in the absence of the evidence.

MARK BEAUCHAMP for appellant.

THUM & ROY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In a suit by the administrator of James Helm, the appellant, against the appellee, Hoke Company, to recover damages for the death of James Helm, caused, as

was alleged, by the negligence of the Hoke Company, there was a jury trial and judgment for the Hoke Company. The trial was had on March 6, 1914, and on May 23, 1914, the motion for a new trial was overruled and the administrator allowed sixty days in which to prepare and tender his transcript of evidence and bill of exceptions. On July 6, 1914, on motion of counsel for the plaintiff, the time for filing the transcript and bill was extended so that he should have one hundred and twenty days from May 23, 1914, within which to file them, this being the limit allowed by law in which to file them.

On September 19, 1914, and within the one hundred and twenty days, the plaintiff filed in court his bill of exceptions, in which he set out among other things that: "Plaintiff, to maintain the issue on his part, introduced the witnesses, who testified in chief for the plaintiff and their names and testimony with objections and exceptions thereto, rulings of the court thereon, and avowals of counsel, are shown in the official stenographer's transcript of evidence filed in this case, marked 'A.' and made a part of this bill of exceptions by reference as if copied herein in full."

Following this is a recital that at the conclusion of the plaintiff's evidence the motion of the defendant for a directed verdict in its behalf was overruled, to which the defendant excepted. The bill then recites that: "Defendant to maintain the issue on his part, introduced witnesses, who testified in chief for defendant, and their names and testimony and the objections and exceptions thereto, rulings of the court thereon and avowals of counsel, are shown in the official stenographer's transcript of evidence, filed herewith as part hereof, marked 'A.' The plaintiff then introduced witnesses who testified in rebuttal. Their names and testimony, with objections and exceptions thereto, rulings of the court thereon and avowals of counsel, are shown in the official stenographer's transcript of evidence, filed herewith, marked 'A.' "

The bill then recites that another motion made by counsel for the defendant was overruled, to which it excepted, and thereupon the plaintiff moved the court to give certain instructions which are set out, and the defendant moved the court to give certain other instructions set out, all of which instructions were refused;

and then follows the instructions given by the court, to which proper exceptions were saved.

At the conclusion of this bill, this appears: "Came the defendant, Vincent Helm, administrator of the estate of James Helm, deceased, and tendered this, his bill of exceptions, with a transcript, in duplicate, of the official stenographic report of the evidence, and, on his motion, said bill of exceptions is examined, signed, attested and approved by the court, and said transcript of evidence is examined, signed and attested and approved by the court, and it is now ordered that they be filed and made part of the record without being spread on the order book. It is now certified that this bill of exceptions, with said stenographic report of evidence, contains all the evidence in the case." And this bill at the end thereof was signed by the judge who presided at the trial.

It will be observed that this bill of exceptions tendered to and signed by the judge recites that the official stenographer's transcript of evidence, with all objections and exceptions and avowals relating thereto, was filed with the bill of exceptions as an exhibit marked "A," but as a matter of fact and truth no transcript of the evidence, or any part thereof, or any objections, exceptions or avowals relating thereto, were filed with the bill of exceptions or filed at all.

The next order made in the case was made on December 24, 1915, at which time the plaintiff moved the court to permit the filing of certain affidavits and two depositions in lieu of the transcript of evidence heard at the trial, to which motion the defendant objected, but its objection was overruled and the motion sustained and the affidavits and depositions were allowed to be made a part of the record in lieu of the transcript of evidence heard at the trial, and the affidavits and the depositions appear in the record we have.

It further appears that the two depositions filed were taken in January, 1914, previous to the trial, but that the witnesses who gave these depositions testified on the trial and hence the depositions were not read.

The affidavit of the attorney for the plaintiff below and the appellant here sets out that after the defendant's motion for a new trial had been overruled, he "ordered from Chas. A. Graham, the official stenographer of this court at that time, a transcript of the evidence

introduced in said trial, the same to be made a part of the record for the purpose of appeal; that at the time Mr. Graham said that he was very busy and put off making the transcript from time to time, and that on the _____ day of July, 1914, the plaintiff had an order entered extending the time for the filing of the bill of exceptions for sixty days, the said Charles A. Graham stating that it was his intention then to leave for Michigan and that he would return in time to prepare said transcript within the one hundred and twenty days from the date the motion for a new trial was overruled.

"Affiant says that on various occasions he asked said stenographer to prepare said transcript, but that same was not prepared by the said Charles A. Graham and that said Charles A. Graham was shortly thereafter so seriously ill that he could not prepare said transcript, and that this affiant on several occasions asked Emory Graham, of the firm of Charles A. Graham & Son, who was also associated with his father, if the said Emory Graham could transcribe from the notes of Charles A. Graham, but that said Emory Graham was unable to do so and that Joseph Longstreet, who is now a member of the firm of Graham & Longstreet, is unable to read the notes of said Charles A. Graham, and that said Charles A. Graham died on the tenth day of July, 1915, without preparing the transcript of the evidence in the above styled action, and that it is impossible for this affiant to find any one who can read the notes of said Charles A. Graham, that this affiant made diligent efforts to have said transcript prepared, both during the lifetime of Charles A. Graham, and since his death, and that it is impossible to secure a true transcript of the evidence introduced at said trial." The other affidavits purport to give the substance of what witnesses introduced on the trial testified.

When the case was called on the docket of this court, the appellee entered a motion to strike from the record the affidavits and depositions, and this motion was continued to be heard with the merits of the case, and it seems to us that this motion must be sustained. With these affidavits and depositions out of the record, there is no evidence before us, and this being so, the only question is the sufficiency of the answer to support the verdict. And that it is sufficient is not disputed.

Counsel for appellant suggest that although the evidence is not here, the instructions are, and so we may consider the correctness of these instructions, in which several alleged errors are pointed out. But in the absence of the evidence it cannot be said whether the instructions are correct or not, because the correctness of instructions depends largely on the evidence, although of course they should also be adapted to the pleadings in the case.

In Knecht v. Louisville Home Telephone Company, 121 Ky. 492, we had before us a record in the same condition as this record, and as that case sets out very fully the effect of the failure of the record to contain the evidence and the practice in relation thereto, it is not necessary to repeat what was there said. Another illustrative case on this subject is Nave v. Riley, 146 Ky. 274.

When the transcript of the evidence cannot for any reason be obtained from the official stenographer within the time allowed to file the transcript of the evidence in connection with the bill of exceptions, the party desiring to prosecute an appeal should prepare a bystanders' bill in accordance with the provisions of section 337 of the code. Crouch v. O'Banion, 163 Ky. 581.

On the condition of the record, there is nothing for us to do except affirm the judgment, and it is so ordered.