## McNeal's Admr. v. Norfolk & Western Railway Co.

(Decided September 30, 1919.)

### Appeal from Boyd Circuit Court.

1. Exceptions, Bill of—Time for Filing.—Section 334, Civil Code, requiring the court to limit the time for filing a bill of exceptions to a day in the succeeding term, is mandatory, and where the statute does not provide that the succeeding term shall be devoted exclusively to criminal business, the unsuccessful party is not excused from complying with an order limiting the time for filing the bill to a day in that term by the fact that that term was set apart for the trial of criminal cases by order of court.

2. Exceptions, Bill of—Signing and Approval.—It was proper for the court not to approve and sign a bill of exceptions not filed within the time fixed by the order of court.

3. Appeal and Error—Exceptions, Bill of—Failure to Sign—A bill of exceptions not signed by a judge is no bill at all and cannot be considered.

4. Appeal and Error—Exceptions, Bill of—Failure to Sign—Motion to Strike—Waiver.—Since an unsigned bill of exceptions is no bill at all, no motion to strike the alleged bill is necessary, and the right to raise the question is not waived by a failure to make such motion until after the case has been submitted, but the question may be raised at any time by calling the attention of the Court of Appeals to the fact that the alleged bill is not signed.

5.    Appeal and Error—Review—Want of Bill of Exceptions.—In the
absence of a bill of exceptions, the only question to be considered
is whether the pleadings support the judgment.

H. W. COLE, ALLAN D. COLE and THEO. K. FUNK for appellant.

J. R. JOHNSON, JR., and HOLT, DUNCAN & HOLT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY,
COMMISSIONER—Affirming.

John McNeal, as administrator of David Mason Mc-
Neal, brought this suit against the Norfolk & Western
Railway Company to recover damages for his death. At
the conclusion of the evidence the court directed a ver-
dict in favor of the defendant. Plaintiff appeals.

The first question presented is whether the alleged bill
of exceptions may be considered. The case was tried in
the Boyd circuit court at its March term, 1918, which
began on the second Monday in March and continued for
twenty-four juridical days. The next regular term of
the court began on the fourth Monday in April and con-
tinued for eighteen juridical days. The motion for a new
trial was overruled on March 12th, and on plaintiff's mo-
tion he was given until the 13th day of the next April
term, which was May 6th, to tender and file his bill of
exceptions. Plaintiff did not tender his bill within the
time fixed by the order of court, but tendered it during
the succeeding June term, at which time the court de-
clined to approve and sign the bill, on the ground that it
was tendered too late.

Section 334, Civil Code, is as follows:

"The party objecting must except when the decision
is made; and time may be given to prepare a bill of ex-
ceptions, but not beyond a day in the succeeding term,
to be fixed by the court.

"If the judge of said court, for any cause, does not
preside at the said term of the court, or no court is held,
then the party offering the bill of exceptions shall have
until the next term of the court to perfect and prepare
the bill of exceptions."

It is not contended that the regular judge who tried
this case did not preside at the April term, or that no
court was held during that term, but it is insisted that
because that term had been set apart for the trial of crim-

inal cases by order of court, plaintiff was not required to comply with the order requiring the bill to be filed on the thirteenth day of that term. The statute fixing the terms of the Boyd circuit court does not provide that only criminal cases shall be tried at the April term. It is the next succeeding term within the meaning of section 334, *supra,* of the Civil Code, requiring the court to limit the time for filing the bill of exceptions to a day in the succeeding term, and this provision is mandatory. Dalton v. Dalton, 146 Ky. 18, 141 S. W. 371. That being true, we cannot hold that plaintiff was excused from complying with the order requiring the bill to be tendered on or before the thirteenth day of the April term, by the mere fact that the term was devoted to the consideration of criminal business. Since the bill was not tendered within the time fixed by the order, it follows that the judge properly refused to sign and approve it.

But it is insisted that defendant waived its right to strike the bill because its motion to strike was not filed until after the case was submitted. As a matter of fact, however, the bill was not signed by the judge, and what purports to be a bill of exceptions is no bill at all and cannot be considered. Louisville Bridge Co. v. Neafus, 110 Ky. 571, 62 S. W. 2. There being no bill in the record, no motion to strike was necessary. All that was necessary was to bring to the attention of the court the fact that the alleged bill was not signed and approved.

In the absence of a bill of exceptions, the only question to be considered is whether the pleadings support the judgment, and of this there can be no doubt. Tyler v. Woerner, 158 Ky. 710, 166 S. W. 178; Bobbitt v. Blakemore, 153 Ky. 170, 154 S. W. 941.

Judgment affirmed.