## Oliver v. Muncy et al.

(Decided Dec. 7, 1937.)

**16**

J. R. LLEWELLYN and STEPHEN D. PARRISH for appellant.
D. ANDREW SHEARARD and G. MURRAY SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Claiming that her neighbor, Hezekiah Muncy, and his brother, John Muncy, had entered upon and enclosed a part of her lot in Berea, Madison county, Rena Oliver brought suit to recover the land and damages, and also for an injunction requiring the Muncys to remove the fence. A trial before a jury resulted in a verdict and judgment in favor of the Muncys. On appeal the judgment was reversed on the ground that a plat of the subdivision in which the lots were located was improperly excluded from the jury, and the further ground that the verdict was flagrantly against the evidence. Oliver v. Muncy, 262 Ky. 164, 89 S. W. (2d) 617. A second trial also resulted in a verdict and judgment for the Muncys, and the case is again before us for review.

At the outset we are met by a motion to strike that part of the record described as "Transcript of Record, Volume 2," and also the stenographer's transcript of the evidence. The facts are: The case was tried at the

May term, 1936, of the Madison circuit court, and a verdict was rendered in favor of appellees. Within the proper time appellant filed a motion and grounds for a new trial, and asked the court to continue the hearing of the motion until the October term. At the October term the motion and grounds for a new trial were overruled, an appeal granted and appellant given to and including the fifteenth day of the February term, 1937, to tender and file a bill of exceptions. The order giving time directed the official reporter to make a full transcript of the evidence upon satisfactory arrangement as to her fees. On motion of appellant the time for filing the bill of exceptions was again extended until the 23d day of the February term. Before the expiration of that time appellant tendered and offered to file a bill of exceptions prepared in narrative form, and moved the court to sign and approve the same. Then the court took time to correct or have the same corrected, approved, signed, and filed, to which ruling appellees objected. At the following May term, 1937, appellant tendered and offered to file the stenographer's transcript of evidence, and moved the court to correct certain expressions in the transcript. Whereupon the court adopted, examined, signed, and approved the bill of evidence as a part of the bill of exceptions, and as a correction of same, and entered an order to that effect. To this ruling appellees also objected.

In support of the motion to strike it is argued that the court had the power to extend the time for filing the bill of exceptions only to a day in the succeeding term, and thereafter upon proper showing to make a further extension to a later day within that term, and that as the bill of evidence was not filed within the extended time, but was filed at a later term, it will not be considered. Ordinarily, of course, that is the rule, Baker v. Whittaker, 185 Ky. 492, 215 S. W. 178; McNeal's Adm'r v. Norfolk & W. R. Co., 185 Ky. 197, 214 S. W. 888; but there are other provisions of the Code and other features of the case not to be overlooked. It is not incumbent upon a party always to use the stenographer's transcript of the evidence but, if he desires, he may give the evidence in a narrative form and take the chances of its approval by the court. If the court does not approve it, it is his duty to correct it, or suggest the corrections to be made and sign it. Section 337, subsection 3, Civil Code of Practice; Domestic Life & Accident Ins. Co. v. Smith, 259 Ky. 158, 82 S. W. (2d)

293. This is the method pursued in this case. The bill of exceptions with the evidence in the narrative form was filed within the extended time at the succeeding term of the court. The court did not approve at that time, but took time to correct the bill of evidence. Thereafter the stenographer's transcript of the evidence was filed and the judge approved and adopted the transcript as the corrected bill of evidence. Having the power to correct the original bill, no reason is perceived why he may not use for that purpose the stenographer's transcript if it be furnished him. It is true that this was not done until the following May Term, but the rule is that, if the bill of exceptions be tendered in time, the trial judge may correct any inaccuracy and file it as corrected, even after the expiration of the original time fixed for its tender. Louisville & N. R. Co. v. Hurst's Adm'r, 220 Ky. 402, 295 S. W. 458. As the original bill of exceptions was filed in time, and as corrected by the stenographer's transcript was subsequently signed and approved by the judge, and appellants are not responsible for his delay, the motion to strike both the transcript of record, volume 2, and the stenographer's transcript of evidence is overruled.

We come next to the regularity of the trial. An opinion on appeal is the law of the case on subsequent trials and subsequent appeals, Baker v. High Splint Coal Co., 258 Ky. 786, 81 S. W. (2d) 577, and, where the judgment is reversed because the verdict is flagrantly against the evidence, and on a second trial a like judgment is rendered upon substantially the same evidence, the former opinion necessitates a reversal. Continental Ins. Co. v. Hargrove, 143 Ky. 400, 136 S. W. 616. We have carefully compared the evidence on the two trials, and find that, with the exception of the plat, which tended to strengthen appellant's case, the evidence on the second trial is substantially the same as that heard on the first trial. In the circumstances, a reversal of the judgment is the only alternative.

Judgment reversed and cause remanded for a new trial not inconsistent with this opinion.