# Cumnock-Reed Co. v. Smith.

Jan. 12, 1940.

Ford Fishback for appellant.

L. D. Lewis for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The appellee, Smith, the plaintiff below, brought this action against appellant, alleging it was indebted to him in the sum of $536 for work and labor he performed at appellant's instance and request during 1936, and for which it promised and agreed to pay him $536. The answer after traversing the petition pleaded affirmatively that appellant owned certain stave timber in Leslie County, which timber was manufactured for it by R. L. Gilvin, who was an independent contractor, and that any labor performed by Smith was performed for Gilvin and that appellant is not liable therefor. Smith's reply denying the affirmative matter in the answer completed the issue. It is not necessary to notice an amended petition which sought to bring in other attaching creditors.

The parties waived a jury and submitted the law and the facts to the court. Only two witnesses testified, the plaintiff, Smith, and D. E. Steele. Smith testified he entered into a contract with defendant, through its superintendent Gilvin, in the month of March (the year not being given), to split staves at so much per thousand; that after he had worked two months or more, he and Gilvin agreed appellant was indebted to Smith in the sum of $536. On cross-examination it developed the amount actually due Smith was $345.38. Smith was shown the contract appellant and Gilvin entered into November 11, 1935, and read same into the record. He testified he did not know Gilvin had such a contract with appellant and "he understood from Gilvin that he (Gilvin) was the company's (appellant's) superintendent and in charge of the operations for the company as the company's agent, and he entered into the contract so believing."

Steele testified he talked to Gilvin on numerous occasions and that Gilvin acted in the capacity of agent, or superintendent, for appellant and that Gilvin's "acts and doings were such as that he would ordinarily be termed superintendent;" that he knew in a general way of the contract Smith entered into with the appellant through Gilvin. He further testified Gilvin and Smith agreed at his place of business that the defendant was indebted to Smith in the amount sued for.

Appellant moved to exclude all testimony relative to Gilvin being its agent or superintendent. This motion was overruled by the court and judgment was rendered against appellant for $345.38 on the theory that Gilvin acted as agent of appellant in employing Smith. The appellant reserved an exception to the judgment and filed its motion in this court for an appeal, and is here with its bill of exceptions in which the evidence heard on the trial appears in narrative form.

We are in accord with appellant that the testimony of Smith and that of Steele is not competent proof that Gilvin was the agent of appellant. Each of these witnesses testified as to declarations Gilvin made to them that he was the agent of appellant. The rule is that the burden of proving agency is on the party alleging it, and that the declarations of an alleged agent made to third persons in the absence of the alleged principal, and not ratified by the principal, are not competent to prove agency. Cumnock-Reed Co. v. Lewis, 278 Ky. 496, 128

S. W. (2d) 926, and cases therein cited. This rule would not have prevented Gilvin from going on the witness stand and testifying as to his contract of employment with appellant, his duties and the extent of his authority. But Gilvin did not testify, and there is no competent evidence in the record showing he was appellant's agent when he employed Smith, hence Smith is precluded from recovery against appellant.

Nothing herein conflicts with what was written in Cumnock-Reed Co. v. Lewis, supra. In that case we held the contract entered into between that company and Gilvin (which was the same contract read into this record by Smith) made Gilvin an independent contractor. But there Gilvin took the witness stand and testified he was not operating under that contract when he employed Lewis, but was then acting as agent for the company. In that case we held the court erred in allowing Lewis to testify as to declarations of agency made to him by Gilvin. We further held that Gilvin's testimony that he was acting in the capacity of agent of Cumnock-Reed Company at the time he employed Lewis, proved Lewis' case. It is here contended by Smith that the contract between appellant and Gilvin was not in effect when he was employed by Gilvin. Even so, there is no competent evidence in this record showing Gilvin was the agent of Cumnock-Reed Company at the time Gilvin employed Smith, and as above stated, this precluded a recovery by him against appellant.

Upon due notice Smith attempted in circuit court on the fifth day of its March term, 1939, to have the court correct the bill of exceptions to conform to his testimony by adding thereto that he had worked for appellant four or five years before the contract was made with Gilvin, and that he did not know Gilvin had signed a contract with appellant until this suit was brought. This motion was supported by the affidavit of Smith's attorney, in the absence of Smith from Leslie County, that this part of Smith's testimony had been omitted from the bill of exceptions. The court correctly overruled this motion because the trial judge had no authority to make such correction in 1939 after the bill of exceptions was signed by the judge on September 7, 1937, and filed on that day. Helm v. Hoke Co., 173 Ky. 525, 191 S. W. 269. It was written in Knecht v. Louisville Home Tel. Co., 121 Ky. 492, 89 S. W. 508, 509, 28 Ky. Law Rep. 456:

"* * * where time to tender a bill of exceptions is given to a day in the succeeding term, the bill of exceptions may be filed within the time given; but when at the succeeding term the bill of exceptions is filed, or if the term passes without the bill being tendered or filed, the jurisdiction of the court over the case ceases."

The motion for an appeal is sustained, the appeal is granted, and the case is reversed for proceedings consistent with this opinion.