## Smith v. Swope.

Dec. 3, 1940.

Wm. J. Baxter, Judge.

626

Marcus C. Redwine for appellant.

Thos. A. Waller for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

George Smith, an eleven-year-old child, brought suit by his next friend against Jefferson Swope for damages for personal injuries alleged to have been sustained through the negligent operation of the defendant's automobile in Winchester. The case was called for trial on September 21, 1939, when the plaintiff moved for a continuance on account of the absence of a witness and filed the affidavit of his next friend in support of the motion. The motion was overruled, the order reciting that the defendant announced ready; thereupon, a jury was sworn; the plaintiff renewed his motion for a continuance, which was overruled; and "on motion of the defendant the jury are instructed to find for the defendant." It is further recited that a verdict was accordingly returned, and it was adjudged that the petition be dismissed. Motion for a new trial was overruled. Within the time stipulated a bill of exceptions was filed and approved. It states that the plaintiff announced not ready and moved for a continuance which was overruled, and that the court "declined to allow plaintiff to read said affidavit as to what the absent witness"

would testify; that "whereupon plaintiff and his counsel announced they could not try this case without being present or permission to read the affidavit," and the court then, on motion of the defendant, peremptorily instructed the jury to find for him. It is further recited, "No evidence was introduced by either side."

It is argued on plaintiff's appeal that it was an abuse of discretion to overrule his motion for a continuance and to refuse him the right to read the affidavit as the deposition of the absent witness, and that it was an irregular practice for the court not to have given him an opportunity to introduce his evidence. The record is not clear. It does show that he did not introduce any evidence. But it also shows by implication that he offered to read the affidavit as a deposition, for it states the court declined to let him do so. Maybe that was all the evidence he had. If the plaintiff had not offered any competent evidence, the action of the court was proper. Section 526, Civil Code of Practice; Stanley on Instructions to Juries, Section 6. The decision as to the propriety of the action rests on the sufficiency of a showing for a continuance and the competency of the testimony given in the affidavit.

Section 315, Civil Code of Practice, sets forth the procedure which will authorize a continuance of a trial because of the absence of a witness and what it is necessary to disclose. When the provisions have been complied with, if the adverse party will consent that the affidavit be read as the deposition of the absent witness, the trial shall not be postponed on account of his absence. The record here does not state the reason for the court overruling the motion for a continuance or that the defendant declined to consent to reading of the affidavit as a deposition. It is to be presumed that this was done on the conclusion that the plaintiff had not been diligent in securing the attendance of the witness. While the substance of what he would testify is general and much of it was incompetent, yet there were some competent statements in it, and these disclosed the testimony to be material. Concerning the matter of diligence the affidavit of the next friend is as follows:

"He says that he did not tell his attorney, M. C. Redwine, of the absence from the city of Waldeck Perry until late the 19th of September, and did not tell his attorney what said Perry would testify to in

this case, and says that he omitted said name from said witness list because he was out of town, and did not know until early the 20th day of September that the presence of said Perry was necessary to try said case, as he is inexperienced in court. He says that as soon as he told Mr. Redwine what Perry would swear, as he is informed, Mr. Redwine said the evidence was so material that his testimony was necessary to a fair and full presentation of the evidence in behalf of plaintiff.

"Affiant states that he caused the name of Waldeck Perry to be placed in the subpoena herein before Eight o'clock September 20th, and that said Perry has been reported not found by the Sheriff. Copy of said subpoena is made a part hereof."

The witness resided in town and the subpoena was issued 24 hours before the case was called for trial. That was as soon as practicable after the next friend had informed the lawyer about the witness. The attorney was diligent, but it may be doubted that the next friend was. He was but the nominal plaintiff, however, the real party being an eleven-year-old child. In all procedural matters the courts are uniformly more liberal in dealing with the rights of children than with sui juris adults. Under the circumstances disclosed, we think it was an abuse of judicial discretion not to have given the plaintiff a reasonable opportunity to obtain the presence of the witness in the absence of consent of the defendant to reading the competent statements of the affidavit. It was very important to the child that he have a full hearing of his case, and, so far as the record shows, a short delay or the acceptance of the affidavit as a deposition could not have prejudiced the rights of the defendant.

The time given for filing the bill of exceptions was until the third day of the next December term of court, which was December 6th. The bill was tendered on December 4th and duly approved and filed by an order entered on December 7th. After the record and appellant's brief had been filed in the Court of Appeals, the defendant filed a motion in the circuit court to amend the order overruling the motion for a continuance entered at the September term, and the bill of exceptions theretofore approved. Plaintiff's attorney was out of the city but other counsel retained for the purpose ob-

jected to the motion. The court, however, on the same day, January 27, 1940, entered an order amending the previous one and the bill of exceptions to have them show that after the overruling of the plaintiff's motion for a continuance, the court had inquired of plaintiff's counsel if he wanted to introduce any evidence and he had replied that he did not. The appellant has moved to strike the supplemental record showing the amendments to the order and bill of exceptions. The nunc pro tunc order modifying that made at a previous term of court was not authorized, for it does not appear there was any sort of record upon which it could be based. McBee's Adm'x v. Louisville & Nashville Railroad Company, 281 Ky. 322, 136 S. W. (2d) 10. The bill of exceptions having been approved and filed of record, the court was without authority to modify it on so late a day. Cumnock-Reed Company v. Smith, 281 Ky. 237, 135 S. W. (2d) 887. The motion to strike the supplemental record is, therefore, sustained. We may add, however, that even if the facts were as disclosed in the modified bill of exceptions, the difference is not material, for we are of opinion the court should have passed or continued the case, the consent of the defendant to the reading of the deposition not being given.

It seems to us the ends of justice require that the judgment be reversed and the plaintiff be given an opportunity to try his case.

Judgment reversed.