# Wheat's Adm'r v. Gray et al.

March 4, 1949.

594

George R. Silliman for appellant.

Chenault Huguely and T. M. Galphin, Jr. for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Affirming.

William Wheat, a two year old child, while crossing the Perryville-Lebanon highway alone, was struck and killed by an automobile owned by Ray F. Gray, and driven by his son, Earl Gray, a young man twenty-two years of age. The child's father qualified as his administrator and brought this action against the Grays for $20,000 damages for the alleged negligent killing of William. The answer was a general denial followed by a plea of contributory negligence upon the part of the parents of the child in placing him in the custody of his nine year old sister, who permitted William to go upon the highway unaccompanied.

A trial resulted in a verdict in favor of the defendants and the administrator on this appeal insists that the trial court erred: 1. in refusing to allow appellant to file a supplemental bill of exceptions; 2. in instructing the jury; 3. the form of the verdict shows it was the result of prejudice; 4. the verdict is flagrantly against the evidence.

The accident happened about 4:30 o'clock in the afternoon of July 5, 1947, which was Saturday, just outside of the city limits of Perryville and almost in front of the home of the child's parents. This is a black-topped highway which is 17 feet 8 inches wide at the place of the accident with an 11 foot shoulder on the west and a 5 foot 5 inch shoulder on the east, which shoulders extend for a distance of some 56 feet from the point where the child was struck. There was no traffic moving in either direction, except the Gray car, and a driver of a car traveling in the same direction Gray was going had an unobstructed view of the spot where William was struck from 125 feet to 200 yards, the testimony of the several witnesses being at variance as to this distance.

Mr. Wheat, the child's father, was at work in his store some quarter of a mile from his home, and Mrs. Wheat was busy in the back part of her house and had left William in charge of his nine year old sister, May Etta. Several children living in the neighborhood had congregated at the home of Stanley Smith, which is on the east side of the road, opposite the house of C. P. Crain, which latter was on the same side of the road as the Wheat home, but some 250 feet from it.

May Etta testified that she was sitting in the swing on the Smith porch with two children and that her brother was playing in the yard when he started for the road dragging a full-sized leaf rake. She started after him when William was on the edge of the road but before she could catch the child he had gotten onto the road and was struck by the Gray car. This was the second time that afternoon that William eluded May Etta and went unaccompanied upon the highway. The first time he crossed the road alone he went to the Crain place.

William was about two feet tall and there was a considerable slope from the edge of the black-topped road to the Smith yard, and there were shade trees on each side of the road in front of the Smith house. Earl Gray, the driver of the car, testified that he was traveling about 15 miles an hour and he first saw the child on the road running as fast as the little fellow could, dragging the rake. William was then about 15 feet, or a car's length, in front of the automobile. Gray testified his brakes were in perfect condition and he put them on with all his force but could not stop in time to prevent striking William. His left rear wheel ran over the child and Gray brought his car to a stop within approximately 25 feet after striking William. That he did not attempt to swerve the car, nor did he sound his horn but put all his reliance in his brakes, which he applied as quick as the child appeared.

Marian Gray, a grown sister of the driver and seated beside him in the car, corroborated him as to the speed of the car and as to the distance within which it was stopped after the accident. The testimony of appellant's witnesses does not differ greatly from that of Gray and his sister on these points.

The case was tried at the September 1947 term and appellant was given until the fifth day of the next regular term (which convened on the first Monday in January) to file his bill of exceptions. The bill was tendered within the time given and was examined, signed and approved by the judge and made a part of the record on Jan. 23, 1948. Appellant subsequently discovered that certain instructions offered by him were omitted from the bill of exceptions and on the last day of the April 1948 term, which was May 1st, he offered an amended bill containing the omitted instructions. The court refused to file this amended bill, but made it a part of the record for the purpose of this appeal. When the trial judge approved and made the bill of exceptions a part of the record during the January term, the case passed beyond his control at the expiration of that term and had he permitted the amended bill to be filed at the succeeding April term, he would have violated Sec. 334 of th Civil Code of Practice. See Louisville Lozier Co. v. Sallee, 167 Ky. 499, 180 S. W.841; Smith v. Swope, 284 Ky. 625, 145 S.W.2d 827.

Appellant relies upon such cases as Oliver v. Muncy, 271 Ky. 15, 111 S.W.2d 392, Louisvile & N. R. Co. v. Hurst's Adm'r, 220 Ky. 402, 295 S.W. 458 and Turner v. Shropshire, 285 Ky. 256, 147 S.W.2d 388, to permit him to file the amended bill of exceptions. But an examination of those authorities shows that the amendment or correction of the bill was made before the court had finally approved, signed and made it a part of the record, while in the case at bar the amended bill was not tendered until a term succeeding the one at which the original bill of exceptions had been approved and made a part of the record. This important fact distinguishes the instant case from those on which appellant relies.

The court properly refused an instruction offered by appellant (which appears in his original bill of exceptions) to the effect that the contributory negligence of one parent could not be imputed to the other. He correctly instructed in substance that if the mother failed to exercise reasonable care or supervision over the child to prevent him from getting out on the highway and as a consequence the child got on the highway, to find for

appellees, even though the driver of the car was negligent; unless under the last clear chance doctrine as set out in the instruction, the driver could have prevented the accident, in which event the verdict should be for the appellant despite the negligence, if any, of the mother. The effect of this instruction was that the contributory negligence of the mother was imputed to the father.

A leading case on the subject is Brown McClain Transfer Co. v. Major's Adm'r, 251 Ky. 741, 65 S.W.2d 992, in which many authorities are reviewed. It was there written that in cases of the death of a child of tender years, the contributory negligence of one parent is imputed to the other, since the recovery sought is for their joint benefit. But where the action is for the benefit of the child for personal injuries, the rule is that the negligence of a parent is not chargeable to the child. Nor is the wrongful act of one parent chargeable to the other in cases of death of a child employed in violation of the State Child Labor Law. The parent wrongfully permitting the child to be employed contrary to law cannot maintain an action, but the parent who did not violate the law is not barred and is not chargeable with the unlawful act of the other parent. The cases of Kentucky Utilities Co. v. McCarty's Adm'r, 169 Ky. 38, 183 S.W. 237 and Caldwell v. Jarvis, 299 Ky. 439, 185 S.W.2d 552, relied upon by appellant in support of his argument that the contributory negligence of one parent is not imputable to another where the Child Labor Law had been violated, therefore they have no application here.

We cannot agree with appellant that the court erred in not instructing the jury that if necessary to give notice to the child of the approach of the car, it was the driver's duty to sound his horn as required by KRS 189.080. The court instructed on the common-law duties of the driver and if appellant desired an instruction on this statutory duty, he should have offered it. Appellant failed to offer such an instruction, therefore he cannot complain of the court's failure to give it. The rule is firmly established that the failure of the court to instruct on a particular point in a civil case is not error in the absence of a request. Mattingly v. Meuter, 275

Ky. 294, 121 S.W.2d 676; City of Hazard v. Adkins, 263 Ky. 398, 92 S.W.2d 353.

Nor are we in accord with appellant that the form of the verdict, "We the jury find the defendants not guilty," shows that it was the result of passion or prejudice and the court erred in rendering judgment thereon. In Walter v. Louisville Ry. Co., 150 Ky. 652, 150 S.W. 824, 827, 43 L.R.A.,N.S., 126, Ann.Cas.1914D, 441, where damages were sought for the alleged negligence of the company, the verdict was, "We, the jury, do not find the defendant guilty." It was said in that opinion, last paragraph on page 827 of 150 S.W., the issue presented to the jury was that of negligence of the company and there could be no doubt from the verdict that the jury found it was not negligent and that the verdict was in the ordinary language of the street. The general rule is that a verdict is sufficient in form if it expresses the decision of the jury on the issue submitted so as to enable the court to intelligibly render a judgment thereon. Price v. Shadoan, 298 Ky. 828, 184 S.W.2d 237.

It is said in appellant's brief that the verdict is not sustained by sufficient evidence, therefore the judgment should be reversed. Should we reverse the judgment on the ground that the verdict is flagrantly against the evidence, we would be compelled under the opinion of Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877, to direct the trial court to peremptorily instruct the jury for appellant on the second trial, should the evidence be substantially the same as that now before us, leaving only for the jury's determination the amount of his damages. Certainly, the evidence on the trial now being reviewed does not justify a directed verdict in behalf of appellant. On the contrary, this is a close case on the facts and the evidence was sufficient to sustain a verdict in favor of either of the parties for whom the jury may have found.

The judgment is affirmed.