Owen SIZEMORE et al., Appellants,

v.

Bert BAILEY'S ADM'R (Charlie Bailey),
Appellee.

Court of Appeals of Kentucky.

May 11, 1956.

Rehearing Denied Sept. 14, 1956.

Brown & Bird, Murray L. Brown, Robert B. Bird, London, for appellant.

A. E. Cornett, Hyden, for appellee.

MOREMEN, Judge.

Bert Bailey, a 12 year old child, was killed when the automobile in which he was riding collided with a truck owned by appellants, Owen Sizemore and Clyde Hensley, and driven by Ford Bowling, who is also an appellant. Charles Bailey, father of the infant, qualified as administrator and brought this suit which resulted in a judgment against appellants in the sum of $12,000.

The deceased infant was riding, in the company of his mother and two younger children, in an automobile owned and driven by his 17 year old brother, Shafter Bailey. The accident occurred on a straight strip of a 20 foot highway at a point midway between two curves in the road. The curve at the west out of which the Bailey car emerged just prior to the accident is a blind abrupt curve and is located about 35 to 45 yards west of the point where the accident occurred. The curve to the east lies approximately the same distance from the point of impact between the vehicles and is a gradual curve. On the north side of the highway midway between the two curves is a garage and on the south side, a filling station.

Here, as in most automobile accident cases, the evidence introduced by the opposing sides is conflicting. Appellee introduced evidence to prove that Shafter Bailey rounded the blind curve at the rate of 35 miles per hour, observed the appellants' truck parked on the right-hand side of the paved portion of the highway, reached the truck and when he was passing it, the truck suddenly veered into his car with the result that the left front fender of the truck struck the right rear fender of the car. The impact knocked the car into the rear end of another truck parked on the north side of the highway. Bert Bailey, who was riding in the back seat and on the left side, was instantly killed. The driver of the automobile, Shafter Bailey, testified that he observed no signal of intention to turn given by the truck driver and while he admits that he did not sound his horn when he attempted to pass the truck, he stated that on noticing the truck he unsuccessfully speeded up and tried to avoid it. His testimony is corroborated by Mrs. Bailey.

For the appellants, the driver of the truck (Ford Bowling) testified that just prior to the accident he had backed out of the west end of the garage, turned around and, before attempting to turn left into the garage at its east end to the north side of the highway, he looked back and, although he did not see any traffic, gave a signal and, after driving about 10 or 15 feet, turned to the left, whereupon he collided with the Bailey car. Bowling stated that he heard no horn and failed to see the Bailey car until it was abreast of his truck. Other witnesses were introduced, none of whom was an eyewitness to the accident, who gave information as to the location of the truck and car before and after the accident.

Shafter Bailey at the time of the accident was 17 years of age and was driving under a permit signed by his father pursuant to KRS 186.470.

It is not argued on this appeal that the driver of appellants' truck was without fault. The argument is based on these premises: (1) Shafter Bailey, driver of the car in which the deceased Bert Bailey was a passenger, was contributorily negligent as a matter of law, and (2) this negligence was imputed to the father and the mother. This imputation of negligence requires fur-

ther connecting links which are predicated on the idea that the parents are sole beneficiaries of the estate of Bert Bailey and, under peculiar conditions, contributory negligence of a parent bars recovery by the estate of the deceased child. These cases usually involve the death of a child of tender years where there is active participation by one or the other or both of the parents at the time the accident occurred, as in cases where a parent permits a child of tender years to enter unattended a stream of traffic. See Brown McClain Transfer Co. v. Major's Adm'r, 251 Ky. 741, 65 S.W. 2d 992; Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336; and Emerine v. Ford, Ky., 254 S.W.2d 938.

In such cases a rule has been laid down that where the child, who was in the custody of one parent, has been neglected to the extent that the negligence contributed to the accident, the other parent is also charged with this neglect of duty on the theory that an agency relationship exists between the husband and wife and therefore both parties will be barred. Remember this however: It is not the negligence of the child which is imputed to one parent and, in turn, charged to the other; it is the active negligence of the parent in setting up the incident for which responsibility is assigned.

We have quite a different situation here because the record discloses that the deceased infant was not negligent at all. A transfer of negligence (i. e., contributory negligence) from the other son, Shafter Bailey, to the parent may only result from an interpretation of subsection (1) of KRS 186.590 which reads:

"Any negligence of a minor under the age of eighteen who has been licensed upon an application signed as provided by KRS 186.470, when driving any motor vehicle upon the highway, shall be imputed to the person who signed the application of the minor for the license. That person shall be jointly and severally liable with the mi-

nor for any damages caused by the negligence."

We have remarked that the father had signed the minor's application for a driver's license so, in order to complete a bar of recovery to the father and mother as sole beneficiaries, it will first be necessary to hold that under the statute the son, Shafter Bailey, was contributorily negligent (the appellant insists as a matter of law) and that this contributory negligence was chargeable to the father under the statute with the result that he and his wife are barred from the recovery of damages—the wife on the theory that the husband was her agent—under the authority and theory of the cases above cited.

We have mentioned that appellants insist that Shafter Bailey was contributorily negligent as a matter of law on the grounds (a) he did not sound his horn at the time; and (b) made no effort to stop the car and instead swerved to the left in an attempt to avoid the collision. We believe that when the evidence offered by appellee is given its proper weight, the action of the driver of appellants' truck placed appellee's driver in such a position that he was required to exercise quick judgment and, as we view the circumstances, Shafter Bailey did all he could in the emergency and, therefore, the court properly refused to direct a verdict. The necessity of sounding the horn, when taken in light of all the circumstances, is for the jury to decide and we are not disposed to usurp that function. McCray v. Earls, 267 Ky. 89, 101 S.W.2d 192.

Our failure to accept appellants' hypothesis concerning negligence as a matter of law, such as would require a directed verdict, does not end this case because the question of whether an instruction should have been given upon imputed contributory negligence remains.

We must recognize at the outset that under the law (which existed prior to the enactment of KRS 186.590) a plaintiff was barred from recovery by the negli-

gent act or omission of a third party only when the relationship between them was such that the plaintiff would be liable as defendant for harm caused to others by such negligent conduct of the third person. Restatement of Law, American Law Institute, Contributory Negligence, § 485. So this discussion must be approached with the understanding that KRS 186.590 is in derogation of an established rule of law and therefore must be construed rigidly according to its plain meaning.

This same text book (Restatement of Law), with a restraint which we envy, refuses to express an opinion as to whether the above common law rule is applicable if a statute imposes the vicarious liability for harm negligently caused to others by third persons for whose conduct he would not at common law be responsible. But the courts have been compelled to make a decision and, in the opinions, we find no unanimity of expression.

In the 1955 cumulative supplement to Vol. 5 of American Jurisprudence, § 502.5 has been rewritten and now reads:

"In most jurisdictions having statutes making the owner of a motor vehicle responsible for the negligence of the driver, the courts have construed such statutes as making the contributory negligence of the driver imputable to the owner of a motor vehicle, thereby barring the owner from recovering from a third person, on the ground of the latter's negligence, for injuries or damages sustained in the accident. But a contrary construction has been placed on the Minnesota statutes, and most of the cases construing the New York statute have also found that the statute was applicable only to the question of liability of the owner to third persons, and so did not prevent the owner from recovering for damages sustained, based on the alleged negligence of the defendant third person."

In a recent case, Jacobsen v. Dailey, 228 Minn. 201, 36 N.W.2d 711, 713, 11 A.L.R.2d 1429, the Minnesota Supreme Court reex-amined a previous decision on this subject. These were the facts presented to the Minnesota Court: Under the terms of a statute, which is not the same as the one we are here concerned with but which involves an almost identical theory, a person operating an automobile with the consent of the owner was, in case of accident, deemed the agent of the owner in the operation of the vehicle regardless of the true facts. Sons of different owners were involved in a collision when operating their fathers' cars solely for their own purposes. In an action brought by one of the owners for damages to his car against the other owner and his son in which the latter owner counter-claimed for damages to his own car, a verdict was returned for the plaintiff. The principal question presented to the appellate court was based on claimed errors of law in the refusal of the trial court to give requested instructions to the jury on the theory that the contributory negligence of the driver of the plaintiff's car was imputed to the owner. This contention was rejected by the court which held that the statute was intended only to impose liability for damages caused by the operation of a car on a financially responsible person.

We find the opinion of the Minnesota Court in keeping with our thought in this matter because we cannot force ourselves to believe that the General Assembly, when it enacted KRS 186.590, was attempting to do anything other than to give the plaintiff an additional source of recovery for damages which had been sustained. We do not believe that it was attempting to give the defendant, by means of the statute, an additional defense to an action for negligence brought against him.

Since this is a pristine question in this state, we feel justified in quoting at length from the Jacobsen opinion, particularly the part where it is written:

"In Christensen v. Hennepin Transp. Co., Inc., 215 Minn. 394, 408, 10 N.W.2d 406, 415, 147 A.L.R. 945, this court thoroughly considered § 170.54 [M.S.A.], Minn. St. 1941, 170.04, as cited in the Christensen

case. We there held that contributory negligence of a husband operating upon a public highway an automobile of which his wife was a co-owner and in which she was riding at the time of its collision with the truck of a third person was not imputable to the wife merely because of such facts, either under (a) the common law, or (b) the safety responsibility act (Minn.St.1941, 170.01 to 170.19, as cited in the Christensen case), in an action by the wife to recover damages for personal injuries against the third party because of his negligence. Since § 170.54 is silent with respect to the rights of the owner in an action where he seeks recovery against a third party for damages sustained by him as the result of the ownership or operation of a motor vehicle, the court in the Christensen case proceeded to construe the statute with that situation in mind. It first considered the purpose of the safety responsibility act, L. 1933, c. 351, as disclosed by its title. Its purpose as so disclosed is to provide for the *establishment of financial responsibility* by owners of motor vehicles for personal injuries, including death, and property damage resulting from the maintenance, use, and operation thereof. The provisions of the act, in harmony and conformity with its title, concern themselves with the placing of financial responsibility upon owners of automobiles. The court there cited Holmes v. Lilygren Motor Co., Inc., 201 Minn. 44, 48, 275 N.W. 416, 418, where we said:

" ' * * * It is clear that the *purpose (of the statute in question) was to make the owner of motor vehicles liable to those injured* by their operation upon public streets or highways where no such liability would otherwise exist.' (Italics supplied.) We then said, 215 Minn. 412–413, 10 N.W. 2d 416–417:

" ' * * * The subject of imputing a driver's contributory negligence to the owner is not mentioned in the statute. It is not the mischief at which the statute aims. It is entirely foreign to the purpose of the statute. The express provisions set limits which exclude the entire subject of imputed contributory negligence.' "

We have concluded therefore that subsection (1) of KRS 186.590 was intended to provide only an additional source for the recovery of damages when the minor driver was held responsible for them. We are strengthened in this view by the terms of subsection (2) of the same act which provide that if a minor deposits or there is deposited in his behalf proof of financial responsibility, the person who signs the application shall not, while such proof is maintained, be subject to the liability imposed by subsection (1).

We think it clear that subsection (1) is concerned only with providing the means of collecting a judgment for damages caused by the negligent driving of the minor. KRS 186.590 does not specifically provide that contributory negligence on the part of a minor driver will preclude recovery for damages inflicted by a third party and we will not by judicial fiat read such a provision into the statute, particularly since the principal purpose of this statute is to deny freedom from liability which existed at common law.

There is a suggestion in the brief that the mother being entitled to a moiety of the deceased infant's estate should be denied recovery because at the time the accident occurred she and her sons were going to visit her mother and the children's grandmother. We find nothing in the facts shown that might lead to a holding that they were upon a joint enterprise such as would deny the right of recovery to the mother. There was an absolute failure of a showing of "right of control over the operation of the vehicle." See Prosser on Torts, 2nd Ed., Joint Enterprise, § 65, page 365. We are strengthened in this conclusion by the fact that the driver of the automobile was also the owner.

We have found no prejudicial error in this record and the judgment is therefore affirmed.