Sherry MEADORS (now Sherry Eley) and Lauren P. Owens, Appellants,

v.

Ronald Frank GREGORY, Individually and as Administrator of the Estate of Glenn Adam Gregory, Deceased, and Dorothy Mae Gregory, Appellees.

Court of Appeals of Kentucky.

June 23, 1972.

Rehearing Denied Oct. 6, 1972.

———◆———

Thomas B. Merrill, Louisville, for appellant Sherry Meadors.

Joseph C. O'Bryan, Carey & O'Bryan, Louisville, for appellant Lauren Owens.

Edwin O. Davis, Davis & Mahan, Louisville, for appellees.

Raymond O. Harmon, William P. Swain, Boehl Stopher Graves & Deindoerfer, Louisville, for amicus curiae National-Ben Franklin Insurance Co.

William Lehnig, Louisville, for Metropolitan Trust, Inc.

GARDNER, Commissioner.

Glenn Gregory, six years of age, was struck and killed by a car owned by appellant Sherry Meadors and driven by appellant Lauren Owens. Miss Meadors was a passenger at the time of the accident. The trial court concluded that both Miss Owens and Miss Meadors were negligent as a matter of law. The jury rendered a verdict for $5,000 in favor of the administrator of Glenn Gregory for damage to the estate, $10,000 in favor of the father of Glenn, and $10,000 in favor of the mother of Glenn, for loss of services. Judgment was entered in accordance with the verdict. Miss Owens and Miss Meadors appeal. We affirm.

The main questions presented on appeal are (1) did the trial court err in holding appellants negligent as a matter of law, and (2) did the trial court err in holding the parents not negligent as a matter of law. We believe the court was correct on both rulings.[1] Appellants were women school teachers on their way to school and were within a few hundred yards of the teachers' parking lot when the fatal accident occurred. Earlier they had phoned the principal's office that because of heavy traffic they would be late. The accident occurred in a residential section where the traffic was light. The only eye witnesses who testified were appellants.

According to Miss Owens (the driver) she turned onto Wimstock Drive and proceeded east for a short distance when she saw perhaps seven small children in the street. They were on their way to school, proceeding in unregimented fashion. Miss Owens said the children were " * * * all over the road, strolling to school * * *." When she came to within 25 to 30 feet of the children she stopped the car, then proceeded at about 15 miles per hour. She did not remember whether she blew the horn but said " * * * they saw me and went to both sides of the road so I didn't think I should blow the horn." Miss Owens admitted there was no obstruction of any kind to prevent her seeing all the children at all times. She added, however, that Glenn " * * * must have been behind maybe some taller ones, I don't know, but he was not in the middle of the road and it was clear for me to go ahead." Miss Owens stated with certainty that she did not see Glenn step in front of the car. She testified "I didn't see him but he must have darted out so quick—I didn't know what happened. Everything happened at once, I didn't even know I hit anybody." It was after Miss Meadors exclaimed "We've hit somebody" that Miss Owens brought the car to a stop some 96 feet from where the accident occurred.

---

1. Appellant, Sherry Meadors, raises no question of whether the negligence of Lauren Owens was imputed to her so we have not considered that question.

The testimony of Miss Meadors corroborated that of Miss Owens on all essential points. We are called on to determine if the trial court was justified in deciding that appellants were negligent as a matter of law. We believe it was.

■ It is noted from the testimony and photographs introduced that above the left headlight of the Meadors' car and extending some 8 or 10 inches to the right of the headlight was a very noticeable dent. This is where the car came into contact with some part of Glenn's body. That fact was admitted by all parties. It was uncontradicted that immediately after the accident Glenn was lying on the right portion of the street (right as to the direction in which the Meadors' car was traveling) with his feet about 18 inches from the curb and his body extending at an angle toward the center of the street. There was a pool of blood where his head lay. There was no evidence as to the height of Glenn nor the height of the car at the point of impact, which was on the front of the hood and partially on top of the hood. There was no competent evidence as to whether Glenn came from the left or the right side of the street. Miss Owens knew that young children were near. It is common knowledge (and especially should have been cognizable by Miss Owens, a school teacher) that a boy six years of age has a propensity for frolicking, oblivious to the danger of moving vehicles. See United Fuel Gas Co. v. Friend's Adm'x, Ky., 270 S.W.2d 946 (1954); Liberty National Bank & Trust Co. v. Raines, Ky., 416 S.W.2d 719 (1967); Oldham v. Adkisson, Ky., 448 S.W.2d 55 (1969). With nothing to obstruct her view, Miss Owens should have seen Glenn in front of the car. But she didn't. Under the circumstances we believe reasonable minds could arrive at but one conclusion, namely she was negligent. Appellants cannot rely on cases such as Worrix v. Rowe, Ky., 428 S.W.2d 187 (1968), exculpating the driver where a child suddenly darts out in front of the car, for there was no such evidence in the present case.

Another of appellants' arguments is that the court erred in absolving Glenn's parents of negligence. It is recalled that Glenn was six years of age and was repeating the first grade because of unsatisfactory work the first year. On previous occasions the parents had seen to it that Glenn's ten-year-old sister, or one of the older brothers, accompanied Glenn to school. The following interrogation of the mother took place:

"7 Mrs. Gregory, you were aware, weren't you, that because of Glenn's age that he wasn't—didn't really have the capacity to understand the dangers as far as the streets were concerned, and cars?

A Yes.

8 You knew that very well, didn't you?

A Oh, yes.

9 And that's why that you had your older daughter . . . . .

A (Interrupting) Yes.

9 (Continuing, simultaneously) . . . . . Accompany Glenn? And I believe that on other occasions you had had some of the other children, older children, accompany Glenn?

A Yes."

■ We have emphasized on numerous occasions that whether parents are contributorily negligent when they permit their children to be in a place of potential danger must be determined from the circumstances of the case. See Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400 (1949); Wood v. Dennison's Administrator, Ky., 273 S.W.2d 374 (1954); Kiser v. Justice, Ky., 336 S.W.2d 32 (1960). It was held in Acres v. Hall's Adm'r, Ky., 253 S.W.2d 373 (1952), that where a four-year-old daughter ran from the parked car across Clay's Ferry Bridge and was killed, each parent thinking the other parent was watching after the child, the parents were contributorily negligent as a matter of law.

On the other hand, in Brown McClain Transfer Co. v. Major's Adm'r, 251 Ky. 741, 65 S.W.2d 992 (1933), we decided that the parent was free of negligence as a matter of law. In the latter case the mother was busy in the house and told her three-year-old child to go dry her feet. The child disobeyed and went outside onto the highway where she was struck by a truck. We held the defendant was not entitled to an instruction on contributory negligence of the parent.

There is an area between these extremes where the question of whether the parents are negligent is for the jury's determination. Burch v. Byrd, Ky., 246 S.W.2d 595 (1952), was concerned with a four-year-old child who was killed while crossing the street. The parents had permitted the child to go to a grocery store unattended before. It was not necessary for him to cross the street to get to the store. It was pointed out in the opinion that a child of four cannot be trusted to make such a trip without the likelihood of his deviating from a safe route. We held that the question of contributory negligence of the parents should be submitted to the jury.

■ Many elements enter into the determination of whether parents are negligent and whether the question should be decided by the court or by jury. First and foremost in importance is the age of the child. This factor must assume that the child is of normal mentality. (There was no substantial evidence, only a slight inference, that Glenn was mentally retarded.) It is common knowledge and perhaps worthy of consideration, though far from controlling, that parents frequently send their six-year-old children to school unaccompanied, when the children travel only through residential areas.

■ Having carefully considered all pertinent evidence, we are of the opinion that the trial judge was correct in deciding as a matter of law the parents were not negligent.

■ Appellants further complain that counsel for appellees' inquiry of one of the prospective jurors as to whether he was a casualty underwriter and whether he wrote all kinds of insurance was error. The questions came perilously close to invading forbidden territory. We remind ourselves however that the trial judge was on the scene during the questioning and was in a better position to comprehend the effect of the interrogation on the jurors than we. Of necessity the trial judge must be accorded a wide discretion in deciding whether questions on voir dire are prejudicial. We cannot say he abused his discretion in the present instance.

Judgment affirmed.

All concur.